# EXHIBIT 2

Laura Beny v University of Michigan, et al
Case No. 2:22-cv-12021

Plaintiff's Response and Brief in Opposition to
Defendants' Motion to Stay Further Proceedings
Pending Resolution of Defendants' Motion to Dismiss

# EXHIBIT 2

 Positive
As of: December 5, 2022 6:23 PM Z

# Tyrrell v. Univ. of Mich.

Court of Appeals of Michigan

December 22, 2020, Decided

No. 349020

## Reporter

335 Mich. App. 254 *; 966 N.W.2d 219 **; 2020 Mich. App. LEXIS 8567 ***

LANA TYRRELL, Plaintiff-Appellee, v UNIVERSITY OF MICHIGAN, TERI GRIEB, VALERIE HILL, MELISSA DYSON, JESSICA DURRKIN, and CARRIE PETERSON, Defendants-Appellants.

**Prior History:** [***1] Washtenaw Circuit Court. LC No. 18-000812-CD.

## Core Terms

governmental immunity, court of claims, compliance, circuit court, implicate, required to comply, file a claim, immunity, state defendant, failure to comply, conditions, consents, summary disposition, defendants', notice, sovereign, agencies, quotation, marks, legislative intent, claimant, confer, courts, waived, suits, arms

**Counsel:** For LANA TYRRELL, Plaintiff-Appellee: NOAH S. HURWITZ.

For UNIVERSITY OF MICHIGAN, Defendant-Appellant: THOMAS L. KENT.

**Judges:** Before: GADOLA, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

**Opinion by:** Colleen A. O'Brien

# Opinion

[**221] [*257] O'BRIEN, J.

At issue in this appeal is whether a plaintiff who files an action in circuit court against a state defendant is required to comply with MCL 600.6431(1) of the Court of Claims Act (COCA), MCL 600.6401 *et seq.* This in turn requires us to address whether compliance with MCL 600.6431(1) is a question of governmental immunity or a question of compliance with the rules for proceeding in the Court of Claims. For the reasons explained in this opinion, we conclude that compliance with MCL 600.6431(1) both [*258] (1) does not implicate governmental immunity absent the Legislature conditioning its consent to be sued on compliance with the COCA, and (2) is only necessary for claims proceeding in the Court of Claims. We therefore affirm.

I. BACKGROUND

Plaintiff filed a complaint against defendants in circuit court alleging discrimination and retaliation in violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.* Defendants moved

Case 2:22-cv-12021-DML-EAS ECF No. 25-2, PageID.218 Filed 12/27/22 Page 3 of 11

Page 2 of 10

335 Mich. App. 254, *258; 966 N.W.2d 219, **221; 2020 Mich. App. LEXIS 8567, ***1

for summary disposition under MCR 2.116(C)(4) and (7), arguing that in order to maintain her claim against [***2] a state university and its employees, plaintiff had to comply with the requirements in MCL 600.6431(1), which plaintiff failed to do. According to defendants, plaintiff's failure to comply with MCL 600.6431(1) required dismissal of her claims. The trial court denied defendants' motion, and they now appeal.

## II. JURISDICTION

Though defendants moved for summary disposition in part under MCR 2.116(C)(4), they do not contest the circuit court's jurisdiction to hear this case.[1] In fact, they concede on appeal that "the Court of Claims and the circuit courts have concurrent jurisdiction over statutory civil rights claims" like plaintiff's. See, e.g., *Doe v Dep't of Transp*, 324 Mich App 226, 238-239; 919 NW2d 670 (2018) (holding that because the plaintiff had a right to a jury trial in her civil rights claim [*259] against the state defendant, the circuit court retained jurisdiction by way of MCL 600.6421(1), while the Court of Claims had concurrent jurisdiction by way of MCL 600.6419). Therefore, the only question on appeal is whether defendants were entitled to summary disposition under MCR 2.116(C)(7).

Defendants appealed as of right the trial court's denial of

their motion under MCR 2.116(C)(7). An order denying summary disposition under MCR 2.116(C)(7) is appealable to this Court as of right only if the order denied governmental immunity [**222] to a governmental party.[2] MCR 7.202(6)(a)(*v*); MCR 7.203(A)(1).

When defendants [***3] filed their appeal, they understandably believed that plaintiff's failure to comply with the requirements of MCL 600.6431(1) implicated governmental immunity. In *Progress Mich v Attorney General*, 324 Mich App 659, 666; 922 NW2d 654 (2018) (*Progress I*), rev'd *Progress Mich v Attorney General*, 506 Mich. 74, 954 N.W.2d 475 (2020) (*Progress II*), this Court held that "[the] defendant's assertion that [the] plaintiff failed to comply with MCL 600.6431(1) does constitute a claim that [the] defendant was entitled to governmental immunity." This holding was the basis for defendants' appeal as of right.

Our Supreme Court, however, recently reversed *Progress I*. The *Progress II* Court questioned this [*260] Court's analysis of whether failure to comply with MCL 600.6431 implicated governmental immunity, but declined to decide the issue. In doing so, the *Progress II*

---

[1] In their reply brief on appeal, defendants contend that the Court of Claims had exclusive jurisdiction over some of plaintiff's claims, but we decline to address those arguments because, having been first raised in a reply brief, they are not properly before this Court. *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003).

[2] A party can move for summary disposition under MCR 2.116(C)(7) for a number of reasons besides governmental immunity, including "release, payment, prior judgment, . . . statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." MCR 2.116(C)(7). In their brief on appeal, defendants at one point refer to the issue they raised in their dispositive motion as "a statute of limitations . . . challenge," which we assume is a mistake because a denial of such a motion is not appealable to this Court as of right.

Case 2:22-cv-12021-DML-EAS ECF No. 25-2, PageID.219 Filed 12/27/22 Page 4 of 11

Page 3 of 10
335 Mich. App. 254, *260; 966 N.W.2d 219, **222; 2020 Mich. App. LEXIS 8567, ***3

Court reasoned, "Whether compliance with [MCL 600.6431] is properly considered a question of immunity or a question of compliance with the rules of the forum is a question of no moment because [the] plaintiff was required to comply with the COCA either way." *Progress II*, 506 Mich at 89. Though the Supreme Court did not expressly overrule the *Progress I* Court's holding that a failure to comply with MCL 600.6431(1) implicates governmental immunity, its reasoning effectively mooted the question and rendered **[\*\*\*4]** this Court's discussion of whether MCL 600.6431 implicated governmental immunity to be without precedential value. See *Dunn v Detroit Auto Inter-Ins Exch*, 254 Mich App 256, 266; 657 NW2d 153 (2002) (holding that a Supreme Court decision reversing the Court of Appeals on a dispositive issue effectively "moot[s] any further question regarding" the issue and renders "any discussion" of the mooted question "by the Court of Appeals to be without precedential value").

Therefore, in light of *Progress II*, it is undecided whether a plaintiff's failure to comply with MCL 600.6431 of the COCA "is properly considered a question of immunity or a question of compliance with the rules of the forum . . . ." *Progress II*, 506 Mich at 89. Addressing this issue, we conclude that plaintiff's failure to comply with MCL 600.6431 in this case did not implicate governmental immunity, so the trial court's denial of defendants' motion under MCR 2.116(C)(7) was not appealable as of right.

A court is, at all times, required to question sua sponte its own jurisdiction. *Straus v Governor*, 459 Mich 526, 532; 592 NW2d 53 (1999). Whether this **[\*261]** Court has jurisdiction to hear an appeal is a question of law reviewed de novo. *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009).

"[T]he state is immune from suit unless, and only to the extent that, it consents to be sued[.]" *Progress II*, 506 Mich at 87. Our Supreme Court explained the reasoning for this in *Ross v Consumers Power Co (On Rehearing)*, **[\*\*223]** 420 Mich 567, 598; 363 NW2d 641 (1984), stating:

> From statehood forward, Michigan **[\*\*\*5]** jurisprudence recognized that the sovereign (the state) was immune from *all* suits, including suits for tortious injuries which it had caused. The rationale for sovereign immunity was never grounded in a belief that the state could do no wrong. Rather, sovereign immunity existed in Michigan because the state, as creator of the courts, was not subject to them or their jurisdiction. As the Supreme Court stated in *Michigan State Bank v Hastings*, 1 Doug 225, 236 (Mich, 1844):
>
> > The principle is well settled that, while a state may sue, it cannot be sued in its own courts, unless, indeed, it consents to submit itself to their jurisdiction. * * * [A]n act of the legislature, conferring jurisdiction upon the courts in the particular case, is the usual mode by which the state consents to submit its rights to the judgment of the judiciary.

Case 2:22-cv-12021-DML-EAS ECF No. 25-2, PageID.220 Filed 12/27/22 Page 5 of 11

Page 4 of 10
335 Mich. App. 254, *261; 966 N.W.2d 219, **223; 2020 Mich. App. LEXIS 8567, ***5

Thus, the original Michigan rule held that the state was immune from all suits except to the extent that it consented to be sued in its courts. [Quotation marks omitted; alterations in original.]

"The Legislature can, and has, abrogated the state's sovereign immunity by enacting legislation consenting to suit." *Progress II*, 506 Mich at 87. As relevant to this case, the Legislature abrogated the state's sovereign immunity for claims brought under the PWDCRA by consenting in the text of the statute [***6] to suit against the [*262] state and all governmental entities or agencies. The PWDCRA prohibits employers from taking certain discriminatory actions against persons with disabilities, see MCL 37.1202; the act defines "employer" as "a person who has [one] or more employees," MCL 37.1201(b); and the act defines "person" to include "this state, or any other legal, commercial, or governmental entity or agency," MCL 37.1103(g). Thus, the Legislature in the PWDCRA expressly waived governmental immunity for claims brought under the statute. See *In re Bradley Estate*, 494 Mich 367, 393 n 60; 835 NW2d 545 (2013) (explaining that the Legislature "expressly waiv[ed] governmental immunity" in the PWDCRA).

Despite the Legislature's having expressly waived governmental immunity for claims brought under the PWDCRA, defendants contend that they were immune from suit because plaintiff failed to comply with the requirements of MCL 600.6431. When plaintiff filed her complaint, MCL 600.6431(1) provided:

No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms, or agencies, stating the time [***7] when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.[3]

In determining whether plaintiff's failure to comply with MCL 600.6431 implicates governmental immunity, [*263] we find instructive *Fairley v Dep't of Corrections*, [**224] 497 Mich 290; 871 NW2d 129 (2015). In *Fairley*, the plaintiffs brought tort claims against governmental agencies, which implicated the governmental tort liability act (GTLA), MCL 691.1401 *et seq. Fairley*, 497 Mich at 293-297. Under the GTLA, governmental agencies are broadly shielded from tort liability absent an exception. MCL 691.1407(1). The plaintiffs alleged that their claims were authorized under the GTLA because they fell within the motor vehicle exception in MCL 691.1405. *Fairley*, 497 Mich at 297. MCL 691.1410(1) of the GTLA provides, "Claims against the state authorized under this act shall be brought in

---

[3] MCL 600.6431 was amended by 2020 PA 42, but that amendment did not change the pertinent language of the statute and, at any rate, is not relevant to this appeal.

Case 2:22-cv-12021-DML-EAS  ECF No. 25-2, PageID.221  Filed 12/27/22  Page 6 of 11

Page 5 of 10
335 Mich. App. 254, *263; 966 N.W.2d 219, **224; 2020 Mich. App. LEXIS 8567, ***7

the manner provided in [the Revised Judicature Act]," which includes MCL 600.6431. See *Fairley*, 497 Mich at 297. In this context, the *Fairley* Court explained that "while MCL 600.6431 does not confer governmental immunity, it establishes conditions precedent for avoiding the governmental immunity conferred by the GTLA, which expressly incorporates MCL 600.6431." *Id.* (quotation marks omitted). In other words, [***8] the *Fairley* Court explained that the plaintiffs' failure to comply with MCL 600.6431 implicated governmental immunity because the Legislature consented to suit under the GTLA only if the plaintiffs complied with MCL 600.6431.

In contrast to the GTLA, the PWDCRA does not incorporate MCL 600.6431. Instead, the Legislature in the PWDCRA waived governmental immunity without establishing any conditions precedent to successfully expose a state defendant to liability. As *Fairley* made clear, MCL 600.6431 does not itself confer governmental immunity. This makes sense because MCL 600.6431 is a notice provision, *McCahan v Brennan*, 492 Mich 730, 732; 822 NW2d 747 (2012), and as such "is a procedural rather than substantive rule," *Rusha v* [*264] *Dep't of Corrections*, 307 Mich App 300, 310-311; 859 NW2d 735, 741 (2014). If, as in *Fairley*, the Legislature conditions the state's waiver of immunity on a plaintiff's compliance with MCL 600.6431, then governmental immunity is implicated. If, however, the Legislature does not condition the state's waiver of immunity on a plaintiff's compliance with MCL 600.6431,

then governmental immunity is not implicated.

Because the Legislature expressly waived governmental immunity in the PWDCRA, see *In re Bradley Estate*, 494 Mich at 393 n 60, the PWDCRA does not require compliance with MCL 600.6431 for a plaintiff to proceed with his or her claim against a state defendant, and "MCL 600.6431 does not confer governmental immunity," *Fairley*, 497 Mich at 297 (quotation marks omitted), [***9] plaintiff's failure to comply with MCL 600.6431 when bringing her PWDCRA claim does not implicate governmental immunity.[4] Therefore, the trial court's denial of defendants' motion [**225] for summary disposition under MCR 2.116(C)(7) was not "an order denying governmental immunity to a governmental party," MCR 7.202(6)(a)(v), and was therefore not a final judgment appealable as of right, MCR 7.203(A)(1). Because the trial court's order was not a [*265] final order, defendants were required to appeal the order by leave granted, MCR 7.203(B)(1), which they failed to do. Accordingly, this Court does not

---

[4] This conclusion does not appear to be inconsistent with the *Progress I* Court's conclusion that failure to comply with MCL 600.6431 in a suit brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*, implicates governmental immunity. See *Progress I*, 324 Mich App at 671. The Legislature in the FOIA requires a party proceeding against a state defendant to proceed in the Court of Claims, MCL 15.240(1)(b), and a party proceeding in the Court of Claims must comply with the COCA. Because the Legislature made compliance with the COCA a condition precedent to proceeding with a FOIA claim against a state defendant, compliance with the COCA in a FOIA action would seem to implicate governmental immunity, as the *Progress I* Court held. Despite this observation, we offer no opinion on whether this conclusion is correct because the FOIA is not at issue in this case and the *Progress II* Court mooted this portion of the *Progress I* Court's holding.

Case 2:22-cv-12021-DML-EAS ECF No. 25-2, PageID.222 Filed 12/27/22 Page 7 of 11

Page 6 of 10
335 Mich. App. 254, *265; 966 N.W.2d 219, **225; 2020 Mich. App. LEXIS 8567, ***9

have jurisdiction over this appeal. See *Detroit v Michigan*, 262 Mich App 542, 545; 686 NW2d 514 (2004).

Despite defendants' failure to properly appeal the trial court's order, the issue raised on appeal—whether a plaintiff proceeding in circuit court against a state defendant is required to comply with MCL 600.6431 presents a matter of significant public interest. Therefore, for the sake of judicial economy, we exercise our discretion to treat this appeal as on leave granted. See *id.* at 546.

III. MCL 600.6431

Though MCL 600.6431 does not necessarily implicate governmental immunity, the question remains whether a plaintiff must always comply with MCL 600.6431 when filing a claim against a state defendant. Obviously, a plaintiff must comply with MCL 600.6431 when filing **[***10]** a claim against a state defendant in the Court of Claims. See, e.g., *Progress II*, 506 Mich at 89. At issue in this case is whether a plaintiff must comply with MCL 600.6431(1) when filing a claim against a state defendant *in circuit court*. We conclude that the requirements in MCL 600.6431 do not apply to claims properly filed in circuit court.

A. *PIKE v NORTHERN MICH UNIV*

Before reaching this issue, however, it is necessary to address whether plaintiff needed to comply with MCL 600.6431 to pursue her claims against the type of defendants in this case—a public university and its

employees—in light of this Court's opinion in *Pike v* **[*266]** *Northern Mich Univ*, 327 Mich App 683; 935 NW2d 86 (2019). In *Pike*, the plaintiff was injured while climbing a rock wall blindfolded under the instruction of Peter Bosma, an employee of Northern Michigan University (NMU). *Id.* at 687-688. The plaintiff brought suit against NMU and Bosma. *Id.* at 688. The Court of Claims granted summary disposition to Bosma because the plaintiff failed to satisfy the requirements in MCL 600.6431. *Id.* at 689-690. This Court reversed, holding that the plaintiff was not required to comply with the requirements in MCL 600.6431 when pursuing her claim against Bosma, a state employee, because MCL 600.6431 did not apply to such claims. *Id.* at 698.

Pursuant to *Pike*, plaintiff was not required to comply with MCL 600.6431 for her claims against the state-employee defendants **[***11]** in this case, regardless of where her claims were filed. *Pike*, however, did not address whether the plaintiff was required to comply with MCL 600.6431 for her claims against NMU—a state "institution" under MCL 600.6431. See *Pike*, 327 Mich App at 698. Therefore, *Pike* is not dispositive of whether plaintiff here was required to comply with MCL 600.6431 to her claims against defendant University of Michigan (U of M), a state institution.

We note, however, that certain statements from *Pike* could be construed as providing that the requirements of MCL 600.6431 apply only to claims against "the State of Michigan" to the exclusion of claims against any other state-related entity, such as claims against a state

335 Mich. App. 254, *266; 966 N.W.2d 219, **225; 2020 Mich. App. LEXIS 8567, ***11

institution. See, e.g., *Pike*, 327 Mich App at 697 [**226] ("By referring to first 'the state' and then its various subdivisions, the Legislature clearly intended that a claim against 'the state' be something different than a claim against a department, commission, board, institution, [*267] arm, or agency of the state."); *id.* at 698 ("Although it might seem improbable that the Legislature intended MCL 600.6431 to only apply to claims against 'The State of Michigan,' [i]f this is not what the Legislature intended by its use of different terms in the two provisions, it is up to the Legislature to amend accordingly and it [***12] is not a matter for this Court.") (some quotation marks and citation omitted; alteration in original.) To the extent that statements from *Pike* suggest that a plaintiff need not comply with MCL 600.6431 for a claim against a state institution, the statements are clearly obiter dictum. "It is a well-settled rule that any statements and comments in an opinion concerning some rule of law or debated legal proposition not necessarily involved nor essential to determination of the case in hand are, however illuminating, but obiter dicta and lack the force of an adjudication." *McNally v Wayne Co Bd of Canvassers*, 316 Mich 551, 558; 25 NW2d 613 (1947) (quotation marks and citation omitted). The *Pike* Court only decided whether a plaintiff was required to comply with the requirements in MCL 600.6431 when filing a claim against a state employee; "any statements and comments" in *Pike* concerning whether a plaintiff was required to comply with the requirements in MCL 600.6431 when filing a claim against any of the state's [*268] departments, commissions, boards, institutions, arms, or agencies were not necessarily involved or essential to its holding and were therefore obiter dictum. See *McNally*, 316 Mich App at 558.

Turning back to the case now before us, we need not resolve the issue left open by *Pike*, and we note only that *Pike* is not dispositive of the issue in [***13] this case. Rather, we hold that regardless of whether a plaintiff needs to comply with the requirements of MCL 600.6431 to pursue a claim against any of the state's departments, commissions, boards, institutions, arms, or agencies when proceeding *in the Court of Claims*, a plaintiff does not need to comply with the requirements of MCL 600.6431 when proceeding against such defendants *in circuit court*.

B. COMPLIANCE WITH THE COCA IN CIRCUIT COURT

As stated earlier in this opinion, when plaintiff filed her claims, MCL 600.6431(1) provided:

No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms, or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified

Case 2:22-cv-12021-DML-EAS  ECF No. 25-2, PageID.224  Filed 12/27/22  Page 9 of 11

Page 8 of 10
335 Mich. App. 254, *268; 966 N.W.2d 219, **226; 2020 Mich. App. LEXIS 8567, ***13

by the claimant before an officer authorized to administer oaths.

The question before us is whether plaintiff was required to comply with MCL 600.6431(1) when filing [***14] her claim against U of M, a state institution, in circuit court. This requires us to interpret MCL 600.6431(1). Issues of statutory interpretation are reviewed de novo. *Farris v McKaig*, 324 Mich App 349, 352-353; 920 NW2d 377 (2018).

To properly interpret a statute, we must discern and give effect to the Legislature's intent. *Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 631; 563 NW2d 683 (1997). The most [**227] reliable evidence of the Legislature's intent is the language used in the statute itself. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). If the words of the statute are unambiguous, no judicial interpretation is permitted. [*269] *Id.* But if the words are ambiguous, a court may "go beyond the words of the statute to ascertain legislative intent." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "When considering the correct interpretation, the statute must be read as a whole," *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012), giving consideration to the statute's "placement and purpose in the statutory scheme," *Sun Valley Foods*, 460 Mich at 237 (quotation marks and citation omitted).

The language in MCL 600.6431 providing that "[n]o claim may be maintained against the state unless" the claimant adheres to the listed procedural requirements clearly creates a condition precedent for bringing a claim against the state. See *Fairley*, 497 Mich at 292. Yet it is unclear from the text of MCL 600.6431 whether the Legislature's intent was that no claim may be maintained against the state *in any court in the state* unless the listed conditions were met, or whether the Legislature's intent was that no claim may be maintained against the [***15] state *in the Court of Claims* unless the conditions were met.

The COCA, when read as a whole, and the MCL 600.6431 in the statutory scheme suggest that the Legislature intended for MCL 600.6431 to apply only to claims brought in the Court of Claims. The section immediately preceding MCL 600.6431 is MCL 600.6428, which grants the Court of Claims the same power to subpoena witnesses and punish for contempt as circuit courts. The section immediately following MCL 600.6431 is MCL 600.6434, which establishes the pleading and service requirements for claims filed in the Court of Claims. It follows that the Legislature intended for MCL 600.6431—the section between MCL 600.6428 (addressing certain powers of [*270] *the Court of Claims*) and MCL 600.6434 (addressing requirements applicable to *the Court of Claims*)—to be a notice requirement that applies to claims filed in *the Court of Claims*. Indeed, the notice required by MCL 600.6431 must be filed "in the office of the clerk of the court of claims." MCL 600.6431(1). It also bears noting that it would make little sense for the Legislature to intend for

Case 2:22-cv-12021-DML-EAS ECF No. 25-2, PageID.225 Filed 12/27/22 Page 10 of 11

Page 9 of 10

335 Mich. App. 254, *270; 966 N.W.2d 219, **227; 2020 Mich. App. LEXIS 8567, ***15

a law placed in the middle of the "the court of claims act," MCL 600.6401, and sandwiched between two Court-of-Claims-specific laws, to be applicable to claims filed *in any court in the state*. As our Supreme Court has observed, **[***16]** "We do not rewrite statutes, but it is elementary that the rules of common sense shall apply to the construction of statutes." *Attorney General ex rel Connolly v Reading*, 268 Mich 224, 230; 256 NW 432 (1934).

Moreover, on the basis of our earlier conclusion that compliance with MCL 600.6431 does not implicate governmental immunity in this case, it follows that MCL 600.6431 is limited to claims brought in the Court of Claims. As explained before, the premise of governmental immunity is that the sovereign, having created the courts, is not subject to their jurisdiction absent consent. *Ross*, 420 Mich at 598. In keeping with this concept, the sovereign can place conditions on the suits it permits to be brought against itself. See *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 212; 731 NW2d 41 (2007). See also *Garrett v United States*, 640 F2d 24, 26 (CA 6, 1981) ("A corollary to this doctrine of governmental immunity is that, when the United States consents to be sued, Congress may define the conditions under which suits will be permitted."). The Legislature **[**228]** in the PWDCRA expressly consented to suit, see *In re Bradley Estate*, 494 Mich at 393 n 60, but it did not condition that consent on compliance with MCL 600.6431. Yet MCL 600.6431 *does* create a condition **[*271]** precedent for bringing a

claim against certain state defendants. See *Fairley*, 497 Mich at 292. It does not, however, confer governmental immunity. See *id.* at 297. Then what does compliance with MCL 600.6431 implicate? Absent the Legislature's conditioning its consent to be sued on compliance with the **[***17]** COCA, see, e.g., *id.* at 297-298, compliance with the COCA, including MCL 600.6431, is "a question of compliance with the rules of the forum," *Progress II*, 506 Mich at 89, meaning that MCL 600.6431 requires compliance only for those claims brought against state defendants *in the Court of Claims*.

This conclusion—that MCL 600.6431 does not apply to claims filed in circuit court—finds support in *Doe*, 324 Mich App 226. In that case, the plaintiff filed her claim in circuit court in 2015. *Id.* at 228. In 2017, the defendant filed a notice of transfer to the Court of Claims, which automatically transferred the case. *Id.* On the same day, the defendant moved for summary disposition in the Court of Claims, arguing that dismissal was required because plaintiff had failed to follow the requirements in the COCA for filing a claim against a state defendant. See *id.* The plaintiff, in response, requested transfer back to the circuit court, and the Court of Claims granted plaintiff's transfer request. *Id.* The question in *Doe* was whether the Court of Claims erred by transferring the case back to the circuit court, and this Court concluded that it did not. *Id.* at 229, 239. In a footnote, this Court addressed the defendant's argument that the plaintiff had failed to follow the requirements of the COCA, stating, "Because the Court of

Case 2:22-cv-12021-DML-EAS ECF No. 25-2, PageID.226 Filed 12/27/22 Page 11 of 11

Page 10 of 10
335 Mich. App. 254, *271; 966 N.W.2d 219, **228; 2020 Mich. App. LEXIS 8567, ***17

Claims [***18] properly transferred the case back to the circuit court, [the] defendant's argument that [the] plaintiff did not follow the procedures necessary to proceed in the Court of Claims is moot and this Court need not address it." *Id.* at 239 n 4. While [*272] not dispositive, this suggests the conclusion that a plaintiff need not comply with the requirements in the COCA to proceed with a claim against the state or a state agency in circuit court.

In sum, absent the Legislature's conditioning its consent to suit on compliance with the COCA, a plaintiff properly bringing a claim in circuit court against the state or a state defendant to which MCL 600.6431 applies is not required to comply with MCL 600.6431 for his or her claim to proceed in that court.

IV. CONCLUSION

For the reasons explained in this opinion, plaintiff's failure to comply with MCL 600.6431 did not implicate governmental immunity, and therefore the trial court's order denying defendants' motion for summary disposition under MCR 2.116(C)(7) was not appealable as of right. Despite defendants' failure to appeal the trial court's order by leave granted, we consider defendants' argument that plaintiff was required to comply with MCL 600.6431 to proceed with her claim in circuit court. On that issue, we hold that absent the [***19] Legislature's conditioning its consent to be sued on compliance with the COCA, a plaintiff bringing a claim in circuit court against a state defendant is not required to comply with MCL 600.6431.

Affirmed.

/s/ Colleen A. O'Brien

/s/ Michael F. Gadola

/s/ Amy Ronayne Krause

End of Document