UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAURA BENY,<br><br>                 *Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN LAW SCHOOL, and DEAN MARK D. WEST (individual and professional capacity),<br><br>                 *Defendants.* | Case No. 2:22-cv-12021-DML-EAS<br><br>Hon. David M. Lawson,<br>United States District Judge<br><br>Hon. Elizabeth A. Stafford,<br>Magistrate Judge |

**REPLY IN SUPPORT OF MOTION TO STAY FURTHER PROCEEDINGS**

Plaintiff's response to Defendants' Motion to Stay Further Proceedings only confirms that a stay is necessary—and in all events well warranted—until the pleadings are settled and the University's Motion to Dismiss (if renewed) is adjudicated. In their Motion, Defendants moved to stay discovery, Defendants' answer deadline, and any further proceedings pending the Court's ruling on Defendants' Motion to Dismiss. (ECF No. 21 at PageID.149.) Specifically, Defendants argued that (i) this Court must stay proceedings pending its ruling on Defendants' immunity defenses, and (ii) a discretionary stay is warranted in any event. (*Id.* at PageID.160–65.)

1

Plaintiff responded only to the first of those arguments, suggesting that she "intends to file, within ten (10) days … , a First Amended Complaint removing all counts which implicate sovereign/governmental immunity, or qualified immunity." (ECF No. 25 at PageID.193.) Plaintiff further argued that a stay for that reason alone was not warranted. (*Id.* at PageID.193.)[1] Respectfully, however, Plaintiff's response, along with her stated intention to file an amended—and necessarily narrower—complaint, underscores exactly why Defendants' Motion should be granted.[2]

1. For starters, Plaintiff overlooks that Defendants' Motion to Dismiss "raise[d] immunity [among other] defenses to every count in Plaintiff's Complaint."

---

[1] Plaintiff perplexingly suggests that she would be harmed during the pendency of an appeal to the Sixth Circuit. (ECF No. 25 at PageID.195.) But Defendants do not seek a stay pending appeal at this time; Defendants simply request a modest stay of discovery in this Court pending resolution of their threshold legal defenses. (ECF No. 21 at PageID.168.)

[2] On December 28, 2022, the day after Plaintiff filed her Response and revealed that she intended to move to file an amended complaint, Defendants reached out to Plaintiff in an effort to streamline that process. In short, Defendants proposed a stipulation that would: (i) permit Plaintiff to file her amended complaint; (ii) strike Defendants' pending obligation to answer Plaintiff's original, soon-to-be-superseded complaint; and (iii) establish a schedule under which Defendants would respond to Plaintiff's forthcoming amended complaint, including a comprehensive briefing schedule in the event that Defendants determine that a motion to dismiss the amended complaint is warranted. Plaintiff's counsel acknowledged receipt of Defendants' proposal but did not substantively respond to it, and advised instead that due to exigent circumstances they would respond to the proposal early in the week of January 2.

(ECF No. 21 at PageID.149.) Because that Complaint remains "operative," discovery cannot proceed. (*Id.* at PageID.160–165 (collecting authorities)); *see also Linden v. City of Southfield*, 2022 WL 2440755, at *3 (E.D. Mich. July 5, 2022) (affirming stay of discovery where the "operative complaint" implicated an immunity defense). Plaintiff's plan to amend her complaint to remove any count that could implicate an immunity defense makes no difference. (ECF No. 25 at PageID.193.) Unless and until Plaintiff actually files an amended complaint, there is no way of telling whether her claims will continue to implicate Defendants' immunity defenses. In the meantime, a stay remains mandatory.

  2. As Defendants also explained in their motion: "Even apart from issues of immunity that render a stay mandatory, a discretionary stay is also well warranted." (ECF No. 21 at PageID.165.) Plaintiff fails to substantively engage with that argument, and that failure alone justifies a discretionary stay. *See Fed. Nat'l Mortgage Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022) ("[I]t is well settled in this District" that "the failure to respond to an argument" "can constitute concession of the un-addressed argument."); *see also, e.g., Erway v. Comm'r of Social Security*, 2020 WL 6198309, at *1 (E.D. Mich. Oct. 22, 2020) (construing as unopposed and granting motion to stay where plaintiff failed to respond). In any event, Plaintiff's response only strengthens Defendants' arguments for a discretionary stay.

3

*First*, "*every* claim in Plaintiff's complaint is subject to dismissal on numerous grounds." (ECF No. 21 at PageID.167 (emphasis added).) So even if Plaintiff eliminates several counts, it continues to make good sense to stay further proceedings until this Court rules on any remaining threshold legal defenses. Indeed, Plaintiff essentially concedes that at least some of her claims are not viable. For example, her own cited authorities make clear that her ADA and FMLA claims are barred entirely. (*See* ECF No. 25-1 at 12–14.) It would be particularly inefficient to require Defendants to answer Plaintiff's operative shotgun complaint or engage in discovery when Plaintiff is abandoning that complaint. And of course Defendants cannot know what claims will be repleaded, or whether they too will be subject to dismissal, until the amended complaint is actually filed. In all events, staying discovery until the pleadings are finalized will avoid unnecessary motion practice, conserve resources, and focus efforts on dispute resolution. (*See id.*)

*Second*, Plaintiff's failure to sue the proper legal entity—the Board of Regents—creates unique procedural wrinkles. Plaintiff previously declined to amend her complaint to name the proper entity even after Defendants flagged that issue during the meet-and-confer process, so this may continue to be an issue even after she amends her complaint. (*See* ECF No. 21 at PageID.168; ECF No. 25 (omitting any intention of naming the correct entity).) Defendants do not know whether Plaintiff will address this issue in her amended complaint, but regardless, it

4

makes little sense to begin discovery when the proper legal entity is not even before the Court.

*Third*, the burden of engaging in discovery on legally deficient claims significantly outweighs the costs of adjudicating a motion to dismiss before discovery begins. Even apart from Defendants' immunity defenses, Defendants' limitations and exhaustion defenses, among others, would make it "grossly inefficient and unduly burdensome to proceed through discovery regarding decades of allegations when, even if a claim survives Defendants' motion to dismiss, its temporal scope will be far more limited." (ECF No. 21 at PageID.170.) Indeed, Defendants have already had to engage in extensive motion practice about, and work to prepare an answer to, a soon-to-be-superseded shotgun complaint. (*See* ECF No. 21, Motion to Stay Proceedings; ECF No. 23, Stipulation to Extend Time to Answer.) Rule 12(b) motions are meant to "narrow the claims at the onset of the case, rather than" force parties to "engag[e] in extensive discovery," *Riddle v. Egensperger*, 266 F.3d 542, 551 (6th Cir. 2001), or "to needlessly file an answer as to claims that may ultimately be dismissed," *MRP Properties, LLC v. United States*, 2017 WL 11518355, at *1 (E.D. Mich. Oct. 5, 2017). In the meantime, a stay is well warranted. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) to challenge the legal sufficiency of complaints without subjecting [defendants] to discovery.").

To be sure, if Plaintiff substantially narrows her complaint and, among other things, removes all claims that implicate immunity, a motion to dismiss and/or stay may not be necessary. (*See* ECF No. 21 at PageID.170 (detailing Plaintiff's "fourteen separate counts, myriad supporting legal theories, and allegations spanning nearly 20 years and implicating many specific individuals").) But until Plaintiff files her amended complaint and Defendants (and ultimately the Court) can make that assessment, a stay continues to be appropriate.

WHEREFORE, Defendants respectfully request that this Court grant their motion and enter an order staying proceedings until the until the pleadings are settled and the University's motion to dismiss (if renewed) is adjudicated.

Dated: December 30, 2022   Respectfully submitted,

/s/ *Jack M. Williams*

| | |
|---|---|
| Matthew E. Papez | Jack M. Williams |
| Krista Perry Heckmann | Craig S. Friedman |
| JONES DAY | JONES DAY |
| 51 Louisiana Avenue, N.W. | 1221 Peachtree Street, N.E., Suite 400 |
| Washington, D.C. 20001 | Atlanta, GA 30631 |
| (202) 879-3939 | (404) 521-3939 |
| mpapez@jonesday.com | jmwilliams@jonesday.com |
| | |
| Brian M. Schwartz (P69018) | Amanda K. Rice (P80460) |
| MILLER CANFIELD | Andrew J. Clopton (P80315) |
| 150 W. Jefferson Ave., Suite 2500 | JONES DAY |
| Detroit, MI 48226 | 150 W. Jefferson Ave., Suite 2100 |
| (313) 496-7551 | Detroit, MI 48226 |
| schwartzb@millercanfield.com | (313) 733-3939 |
| | arice@jonesday.com |

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2022, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

        /s/ *Jack M. Williams*
Jack M. Williams
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30631
(404) 521-3939
jmwilliams@jonesday.com

*Counsel for Defendants*