## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAURA BENY,

                    *Plaintiff,*

v.

UNIVERSITY OF MICHIGAN,
UNIVERSITY OF MICHIGAN LAW
SCHOOL, and DEAN MARK D.
WEST (individual and professional
capacity),

                    *Defendants.*

Case No. 2:22-cv-12021-DML-EAS

Hon. David M. Lawson,
United States District Judge

Hon. Elizabeth A. Stafford,
Magistrate Judge

Demand for Jury Trial

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to the Court's orders dated November 30, 2022 (ECF No. 18) and December 21, 2022 (ECF No. 24), Defendants University of Michigan, University of Michigan Law School (together, "University Defendants"), and Dean Mark D. West (Defendant West) (collectively "Defendants") respond to Plaintiff's Complaint (ECF No. 1).

Defendants state that the following limitations and defenses apply to each and every allegation in the Complaint, except as expressly set forth herein. The Complaint violates Fed. R. Civ. P. 8(a) in that it seeks to present argument and conclusion to which no response is required in this Answer and this Answer is

intended, according to Fed. R. Civ. P. 8(b), to require only a short and plain statement of the defenses. Defendants expressly state that all purported statements and conclusions of purported law are denied for purposes of this Answer and legal arguments and discussions of legal authority are expressly reserved.

Defendants deny each allegation of the Complaint except those expressly admitted. Paragraph numbers of the Answer refer to the corresponding numbered paragraphs of the Complaint. To the extent any heading in the Complaint constitutes an allegation, that allegation is denied.

In providing this Answer, Defendants do not intend to, and do not, waive any arguments, defenses, privileges, or immunities, including any arguments set forth in Defendants' pending Motion to Dismiss (ECF No. 11), all of which are expressly preserved. In responding to the Complaint, Defendants do not admit the relevance of any of Plaintiff's allegations.

## I. PARTIES

### A. Federal Counts

1.      Defendants admit that Plaintiff attempts to assert claims under the ADA and the FMLA, but deny that Plaintiff is entitled to any relief.

2.      Defendants admit that Plaintiff is an African American, female tenured law professor. Defendants further admit that Plaintiff attempts to assert claims under

Title, Title VII, Title IX, § 1981, and § 1983, but deny that Plaintiff is entitled to any relief.  Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3.      Defendants admit that Plaintiff attempts to assert claims under the First Amendment, Fifth Amendment, and Fourteenth Amendment of the United States Constitution, but deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

## B.  State Counts

4.      Defendants admit that Plaintiff attempts to assert claims under the Michigan Elliott-Larsen Civil Rights Act and Persons with Disabilities Civil Rights Act, but deny that Plaintiff is entitled to any relief. Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5.      Defendants admit that Plaintiff seeks remedies, including damages, attorneys' fees, costs, interest, and compensatory damages, but deny that Plaintiff is entitled to any remedies.

## II.  PARTIES

6.      Defendants admit the allegations of paragraph 6 of the Complaint.

7.      University Defendants admit that University of Michigan is a public research university in Ann Arbor, Michigan, but specifically deny that that the University of Michigan is a proper party that is capable of being sued. University Defendants admit that the University was established on August 26, 1817.

University Defendants admit that the University of Michigan is Michigan's oldest university. University Defendants admit that University of Michigan's Law School was established in 1859, but specifically deny that that the University of Michigan is a proper party that is capable of being sued. University Defendants deny the remaining allegations in paragraph 7 of the Complaint. Further responding, Defendant West states that the allegations in paragraph 7 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, on that basis, denies the allegations of paragraph 7 of the Complaint.

8.      Defendants admit that Defendant West served as the Associate Dean of the University of Michigan Law School from 2008 to 2013 and has served as the Dean of the University of Michigan Law School from 2013 to the present. Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9.      Defendants state that the allegation in paragraph 9 of the Complaint is so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegation and, on that basis, deny the allegation of paragraph 9 of the Complaint.

10.     University Defendants admit the allegation in paragraph 10 of the Complaint. Defendant West lacks sufficient knowledge or information to form a

belief as to the truth of the allegation and, on that basis, denies the allegation of paragraph 10 of the Complaint.

11.    University Defendants state that the allegations in paragraph 11 of the Complaint are so vague and ambiguous that University Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny the allegations of paragraph 11 of the Complaint. Further responding, Defendant West states that the allegations in paragraph 11 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, on that basis, denies the allegations of paragraph 11 of the Complaint. Defendants further state that the allegations of this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

12.    University Defendants state that the allegations in paragraph 12 of the Complaint are so vague and ambiguous that University Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny the allegations of paragraph 12 of the Complaint. Further responding, Defendant West states that the allegations in paragraph 12 of the Complaint are not directed at him and therefore no response is required. To the extent

a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, on that basis, denies the allegations of paragraph 12 of the Complaint. Defendants further state that the allegations of this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

### III.  COMMON STATEMENT OF FACTS

13.    Defendants admit that Plaintiff is an African American female who was fifty-four years old as of the date of Plaintiff's Complaint.  Defendants lack sufficient knowledge or information regarding the remaining allegations of paragraph 13 of the Complaint, and on that basis, deny them.

14.    Defendants admit that paragraph 14 of the Complaint accurately reflect Plaintiff's educational degrees and the dates that she received them. The remaining allegation in paragraph 14 of the Complaint contains an opinion and therefore no response is required.  To the extent a response is required, Defendants deny the remaining allegation in paragraph 14 of the Complaint.

15.    University Defendants admit that Plaintiff was hired at University of Michigan Law School in 2003. University Defendants admit that Plaintiff's cohort included John Pottow, a white male, and Jill Horwitz, a white female. University Defendants lack sufficient knowledge or information regarding individuals' salary

expectations, and on that basis, deny those allegations. University Defendants deny the remaining allegations in paragraph 15 of the Complaint. Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, on that basis, denies the allegations of paragraph 15 of the Complaint.

16.     Defendants state that the allegations regarding awards and research grants in paragraph 16 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny those allegations. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit that since joining University of Michigan's Law School in 2003, Plaintiff has taught the courses listed in paragraph 17 of the Complaint. Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18.     University Defendants admit that paragraph 18 of the Complaint accurately quotes a description of Plaintiff on the University of Michigan Law School's website. University Defendants deny the remaining allegations in paragraph 18 of the Complaint. Further responding, Defendant West states that the allegations in paragraph 18 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks

sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, on that basis, denies the allegations of paragraph 18 of the Complaint.

19.     Defendants admit that Plaintiff was the second African American female tenure track professor hired at University of Michigan Law School and that there was an African American male tenured professor at the University of Michigan Law School in 2003. Defendants deny the remaining allegations in paragraph 19 of the Complaint.

20.     Defendants admit that another African American female was hired on the tenure track in 2022. Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Defendants admit the allegations in paragraph 21 of the Complaint.

22.     Defendants admit that a tenured African American female professor retired from University of Michigan in or around 2012–2013 and that another tenured African American female professor, who is on the University of Michigan Law School website, has not been a fulltime professor since approximately 2018. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

### A.  Background Facts

24.     Defendants deny the allegation in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

**B. Background Facts Showing Discrimination and Retaliation**

26.     Defendants deny that Plaintiff has not been treated the same as non-African American and male professors. Defendants further state that the remaining allegations in paragraph 26 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny the remaining allegations of paragraph 26 of the Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

28.     Defendants deny the allegation of paragraph 28 of the Complaint.

29.     Defendants lack sufficient knowledge or information regarding whether Plaintiff was disrupted by a student in 2004–2005 while lecturing and, on that basis, deny that allegation of paragraph 29 of the Complaint. Defendants deny the remaining allegations in paragraph 29 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

30.     University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations regarding whether John Pottow and Jill Horwitz received greater funding for their research projects, on that

basis, deny those allegations of paragraph 30 of the Complaint. University Defendants deny the remaining allegations of paragraph 30 of the Complaint. Defendant West states that the allegations in paragraph 30 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations regarding whether John Pottow and Jill Horwitz received greater funding for their research projects and, on that basis, denies those allegations of paragraph 30 of the Complaint. Further, to the extent a response is required, Defendant West denies the remaining allegation of paragraph 30 of the complaint.

31.    University Defendants deny the allegations in paragraph 31 of the Complaint. Defendant West states that the allegations in paragraph 31 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, on that basis, denies the allegations of paragraph 31 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

32.     University Defendants deny the allegations in paragraph 32 of the Complaint. Defendant West states that the allegations in paragraph 32 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, on that basis, denies the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint. Defendant West states that the allegations in paragraph 33 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West denies the allegations of paragraph 33 of the Complaint.

34.     Defendants admit the allegation of paragraph 34 of the Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Complaint.

36.     Defendants admit the allegations of paragraph 36 of the Complaint.

37.     Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, on that basis, denies the allegations of paragraph 37 of the Complaint. University Defendants state that the allegations of paragraph 37 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which

to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, on that basis, deny the allegations of paragraph 37 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

38.     Defendants admit that another African American female professor received tenure in 2009. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendant West lacks sufficient knowledge or information on which to form a belief as to whether he sent an email in 2009 that is allegedly quoted in paragraph 40 of the Complaint and, on that basis, denies that allegation of paragraph 40 of the Complaint. Defendant West denies the remaining allegations of paragraph 40 of the Complaint. University Defendants state that the allegations of paragraph 40 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to as to whether Dean West sent an email in 2009 that is allegedly quoted in paragraph 40 of the Complaint and, on that basis, deny that allegation of paragraph 40 of the Complaint. Further, to the extent a response is required, University Defendants deny the remaining allegations

of paragraph 40 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

41.    Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, on that basis, denies the allegations of paragraph 41 of the Complaint. University Defendants state that the allegations of paragraph 41 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, on that basis, deny the allegations of paragraph 41 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

42.    Defendant West admits that, in January 2010, he sent an email to Plaintiff regarding putting a picture on his desk, a portion of which is quoted in paragraph 42 of the Complaint. Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegation regarding unsolicited advice referred to in paragraph 42 of the Complaint and, on that basis, denies that allegation. Defendant West denies the remaining allegations of paragraph

42 of the Complaint. University Defendants state that the allegations of paragraph 42 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and, on that basis, deny the allegations of paragraph 42 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

43.    Defendant West admits that he sent Plaintiff an email on December 16, 2010, a portion of which is quoted in paragraph 43 of the Complaint.  Defendant West denies the remaining allegations of paragraph 43 of the Complaint. University Defendants state that the allegations of paragraph 43 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and, on that basis, deny the allegations of paragraph 43 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

44.     Defendant West denies the allegations of paragraph 44 of the Complaint. University Defendants state that the allegations of paragraph 44 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, on that basis, deny the allegations of paragraph 44 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

45.     Defendants admit the allegation of paragraph 45 of the Complaint.

46.     Defendants admit that in 2013, Plaintiff was asked to review the academic writings of potential candidates, and that Mr. Pottow sent Plaintiff an email, a portion of which is quoted in paragraph 46 of the Complaint. Defendants deny the remaining allegation of paragraph 46 of the Complaint.

47.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 47 of the Complaint and, on that basis, deny the allegations of paragraph 47 of the Complaint.

48.     Defendant West admits that Plaintiff spoke with him about allegations that she was cut short in a 2014 alumnus meeting. Defendant West denies the remaining allegations of paragraph 48 of the Complaint. University Defendants state

that the allegations of paragraph 48 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 48 of the Complaint and, on that basis, deny the allegations of paragraph 48 of the Complaint.

49.     Defendants admit the allegations of paragraph 49 of the Complaint.

50.     Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, on that basis, denies the allegations of paragraph 50 of the Complaint. University Defendants state that the allegations of paragraph 50 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, on that basis, deny the allegations of paragraph 50 of the Complaint.

51.     Defendants admit that Plaintiff previously experienced a salary deficiency, and that shortly after it was discovered in late 2014, Defendant West informed Plaintiff that he would correct it immediately. Defendants deny the remaining allegation of paragraph 51 of the Complaint.

52.     Defendants admit that Defendant West immediately put in for, and Plaintiff thereafter received, a retroactive pay increase to bring Plaintiff back into

the same compensation level that Defendant University of Michigan Law School has for cohorts hired at the same time. Defendants deny the remaining allegations of paragraph 52 of the Complaint.

53.     Defendants admit that, in or around 2015, Plaintiff expressed an interest in serving on the personnel committee or the educational environment committee. Defendants deny the remaining allegations of paragraph 53 of the Complaint.

54.     Defendants admit that Plaintiff has not been placed on the personnel committee and that the personnel committee assists in the process for hiring new faculty. Defendants deny the remaining allegations of paragraph 54 of the Complaint.

55.     Defendants admit that, in or around 2015, Plaintiff filed a complaint with OIE requesting an investigation of alleged salary differences among law school faculty. Defendants deny the remaining allegations of paragraph 55 of the Complaint.

56.     Defendants admit that the OIE concluded there was no discrimination or retaliation against Plaintiff. Defendants deny the remaining allegations of paragraph 56 of the Complaint.

57.     Defendants admit that in November 2016, Plaintiff was one of several featured scholars in a student exhibit highlighting diversity in the law at Harvard law school. Defendants deny the remaining allegations of paragraph 57 of the Complaint.

58.     Defendants admit that in 2017, the University of Michigan Law School was the host institution for, and Plaintiff was a co-host for, an event named after one of the first female law professors in the United States, the Lutie Lytle Black Women Law Professors Conference and Writing Retreat. Defendants lack sufficient knowledge or information regarding whether over 100 people attended the event at the University of Michigan Law School, and on that basis, deny that allegation of paragraph 58 of the Complaint. Defendants state that the allegations in paragraph 58 of the Complaint related to several professors seeking consideration for a professorship at the University of Michigan are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny those allegations of paragraph 58 of the Complaint. Defendants deny the remaining allegations of paragraph 58 of the Complaint.

59.     Defendants admit that Plaintiff took a medical leave of absence in fall of 2017. Defendants deny the remaining allegations of paragraph 59 of the Complaint.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants state that the allegations of paragraph 61 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny

the allegations of paragraph 61 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

62.     Defendants admit that Plaintiff has spoken with Dean West between 2013 and the present. Defendants lack sufficient knowledge or information regarding conversations Plaintiff has documented in writing and, on that basis, deny those allegations. Defendants deny the remaining allegations of paragraph 62 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

63.     Defendants state that the they do not have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and, on that basis, deny the allegations of paragraph 63 of the Complaint. Defendants state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

64.     Defendants admit that Plaintiff wrote to Provost Susan Collins in 2022. Defendants deny the remaining allegations in paragraph 64 of the Complaint. Defendants state that allegations of paragraph 64 of the Complaint contain legal

conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

65.     Defendants admit that Plaintiff made an unscheduled speech on April 13, 2018 at a conference. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation regarding alleged conversations between Plaintiff and students in advance of the conference, and, on that basis, deny those allegations. Defendants deny the remaining allegations of paragraph 65 of the Complaint. Defendants state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

66.     Defendants admit the allegations of paragraph 66 of the Complaint, except Defendants deny that Plaintiff was not aware that the meeting was disciplinary in nature and deny that Plaintiff was not aware that the April 19, 2018 meeting would be the first of two meetings about Plaintiff's unscheduled speech at the April 13, 2018 conference.

67.     Defendants admit that Plaintiff was called into a meeting in May 2018 with Defendant West and Michele Frasier Wing and in that meeting Defendant West handed Plaintiff a disciplinary letter, dated May 15, 2018, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 67 of the Complaint. Defendants state that allegations within this paragraph contain legal

conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

68.     Defendants lack sufficient knowledge or information to form a belief as to Plaintiff's state of mind in fall of 2018, and, on that basis, deny those allegations. Defendants deny the remaining allegations of paragraph 68 of the Complaint.

69.     Defendants admit that in Fall 2018, Plaintiff was asked to recommend African American women whom the University of Michigan Law School should consider hiring. Defendants deny the remaining allegations of paragraph 69 of the Complaint.

70.     Defendants admit that a male candidate was extended an offer by University of Michigan Law School. Defendants lack sufficient knowledge or information to form a belief as to whether any of the women Plaintiff recommended were invited to the University of Michigan Law School for interviews and, on that basis, deny those allegations of paragraph 70 of the Complaint. Defendants deny the remaining allegations of paragraph 70 of the Complaint.

71.     Defendants admit that on October 10, 2018, Plaintiff had an interaction with Dean West's Executive Assistant in the hallway outside the Dean's office. Defendants further admit that Plaintiff was subsequently called into a meeting with Dean West and Michele Frasier Wing on November 6, 2018 and in that meeting they

asked what happened during Plaintiff's interaction with Defendant West's assistant. Defendants deny the remaining allegation of paragraph 71 of the Complaint.

72.     Defendant West admits that he spoke to students who raised a complaint regarding a white male professor about protections afforded by tenure and that portions of that conversation are reflected in paragraph 72 of the Complaint. Defendant West denies the remaining allegations of paragraph 72 of the Complaint. University Defendants state that the allegations of paragraph 72 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants lack sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and, on that basis, deny the allegations of paragraph 72 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

73.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, on that basis, deny the allegations of paragraph 73 of the Complaint.

74.     Defendants admit that Plaintiff was called into a meeting with Defendant West and Michele Frasier Wing on February 7, 2019, that Plaintiff was informed her attorney was not permitted to attend the meeting without a university

attorney present, that during that meeting Defendant West handed Plaintiff a memo, the content of which speaks for itself, that Plaintiff did not sign the memo, that Plaintiff wrote a rebuttal and requested that it be included in her personnel file, and that, as of 2022, all of Plaintiff's sabbaticals and research leaves have been eliminated until mid-2027. Defendants deny the remaining allegations of paragraph 74 of the Complaint.

75.    Defendants admit that Plaintiff took a medical leave from work from September 2019 to December 2019. Defendants deny the remaining allegation of paragraph 75 of the Complaint.

76.    Defendants admit that MACL is an executive educational program that provides income for those professors who teach the course, that Plaintiff has complained to Defendant West about her exclusion from the MACL program, that she requested a review from the Office of Equity and Civil Rights, and that she was the only African American female fulltime tenured professor at University of Michigan Law School between 2018 and 2022. Defendants state that the allegation in paragraph 76 of the Complaint regarding white males who are "junior" to Plaintiff are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of those allegation and, on that basis, deny the allegations of paragraph 76 of the Complaint. Defendants deny the remaining allegations of paragraph 76 of the Complaint.

77.     Defendant West admits that in March 2021, he issued an apology, the content of which speaks for itself, regarding his book covers. Defendant West denies the remaining allegations of paragraph 77 of the Complaint. University Defendants state that the allegations of paragraph 77 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants admit that in March 2021, Defendant West issued an apology, the content of which speaks for itself, regarding his book covers. University Defendants deny the remaining allegations of paragraph 77 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

78.     Defendants lack sufficient knowledge or information regarding the allegations of paragraph 78 of the Complaint and, on that basis, deny the allegations of paragraph 78 of the Complaint.

79.     Defendants admit that Associate Dean Kristina Daugirdas ("Associate Dean Daugirdas") communicated with Plaintiff in fall of 2021 regarding Plaintiff taking off her mask in class in violation of policies, Plaintiff marking her students too high on a grade curve, and Plaintiff teaching on Zoom. Defendants deny the remaining allegations of paragraph 79 of the Complaint.

80.     Defendants admit that Plaintiff submitted complaints to the University of Michigan Equity, Civil Rights & Title IX Office between November 2021 and February 2022. Defendants deny the remaining allegations of paragraph 80 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

81.     Defendants deny that Plaintiff informed the University of Michigan Law School administration on February 8, 2022 that she had filed complaints with ECRT and EEOC. Defendants state that the remaining allegations in paragraph 81 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of those allegations and, on that basis, deny the remaining allegations of paragraph 81 of the Complaint.

82.     Defendants admit that on February 9, 2022, Plaintiff received an email from Associate Dean Daugirdas, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 82 of the Complaint.

83.     Defendants admit that Plaintiff informed Associate Dean Daugirdas and Michelle Frasier Wing that she was seeking legal counsel and would not attend the meeting. Defendants further admit that Plaintiff requested a copy of the student complaint. Defendants deny the remaining allegations of Paragraph 83 of the Complaint.

84.     Defendants deny the allegations of Paragraph 84 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

85.     Defendants admit that Plaintiff emailed Associate Dean Daugirdas and Michelle Frasier Wing on February 12 and 13, 2022, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 85 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

86.     Defendants admit that Plaintiff addressed the student complaint in her class on February 14, 2022. Defendants lack sufficient knowledge or information regarding the allegations of paragraph 86 of the Complaint and, on that basis, deny the allegations of paragraph 86 of the Complaint.

87.     Defendants admit that Associate Dean Daugirdas emailed Plaintiff on February 14, 2022, the content of which speaks for itself, and that Plaintiff's access to UM "Canvas" was removed. Defendants deny the remaining allegations of paragraph 87 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

88.     Defendants admit that, on or about February 16, 2022, Plaintiff informed University Defendants that she had retained a lawyer.  Defendants further admit that the administration scheduled a meeting with Plaintiff and her attorney on February 25, 2022. Defendants deny the remaining allegations of paragraph 88 of the Complaint.

89.     Defendants admit that Plaintiff, and her attorney, met with Defendant West, Associate Dean Daugirdas, and a representative from Human Resources on February 25, 2022. Defendants deny the remaining allegations of paragraph 89 of the Complaint.

90.     Defendant West admits that during the February 25, 2022 meeting, he stated he had not read the anonymous student complaint. Defendants deny the remaining allegations of paragraph 90 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

91.     Defendants admit that during the February 25, 2022 meeting, Dean West told Plaintiff that she abandoned her duties, which Plaintiff denied. Defendants deny the remaining allegations of paragraph 91 of the Complaint.

92.     Defendants lack sufficient knowledge or information regarding the allegations of paragraph 92 of the Complaint and, on that basis, deny the allegations of paragraph 92 of the Complaint.

93.     Defendants admit that Kate Rychlinski sent Plaintiff an email on May 11, 2022, the content of which speaks for itself. Defendants lack sufficient knowledge or information regarding the remaining allegations of paragraph 93 of the Complaint and, on that basis, deny the remaining allegations of paragraph 93 of the Complaint.

94.     Defendants admit that University of Michigan Payroll sent an email on April 12, 2022, the content of which speaks for itself. Defendants lack sufficient knowledge or information regarding the remaining allegations of paragraph 94 of the Complaint and, on that basis, deny the remaining allegations of paragraph 94 of the Complaint.

95.     Defendants lack sufficient knowledge or information regarding the allegations of paragraph 95 of the Complaint and, on that basis, deny the allegations of paragraph 95 of the Complaint.

96.     Defendants admit that Kate Rychlinski emailed Plaintiff on April 15, 2022, a portion of which is quoted in paragraph 96 of the Complaint. Defendants lack sufficient knowledge or information regarding the remaining allegations of

paragraph 96 of the Complaint and, on that basis, deny the remaining allegations of paragraph 96 of the Complaint.

97.    Defendants admit that Dean West sent Plaintiff a letter on March 31, 2022, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 97 of the Complaint.

98.    Defendants admit that Dean West sent Plaintiff a letter on March 31, 2022, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 98 of the Complaint.

99.    Defendants admit that Dean West sent Plaintiff a letter on March 31, 2022, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 99 of the Complaint.

100.   Defendants admit that Plaintiff submitted a letter regarding her return to work plan, the content of which speaks for itself. Defendants deny the remaining allegations of paragraph 100 of the Complaint.

101.   Defendants admit the allegations of paragraph 101 of the Complaint.

102.   Defendant West admits that he responded to Plaintiff on June 21, 2022, the contents of which speak for itself. Defendants deny the remaining allegations of paragraph 102 of the Complaint.

103.   Defendants deny the allegations of paragraph 103 of the Complaint.

104.   Defendants admit that Plaintiff filed claims with the Equity, Civil Rights, and Title IX Department between February 2022 and August 2022. Defendants deny the remaining allegations of paragraph 104 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

105.   Defendants admit that Plaintiff filed a charge with the EEOC on May 13, 2022 and that she received a right to sue letter from the EEOC. Defendants deny the remaining allegations of paragraph 105 of the Complaint.

## COUNT I

### VIOLATIONS OF TITLE I
### AMERICANS WITH DISABILITIES ACT (ADA)
### OF 1990 42 USC § 12111, *et seq.*

106.   Paragraph 106 "repeats, re-alleges and incorporates paragraph 1 through 105, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

107.   Defendants deny the allegations of paragraph 107 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

108. Defendant West denies the allegations of paragraph 108 of the Complaint. University Defendants state that the allegations of paragraph 108 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 108 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

109. Defendant West denies the allegations of paragraph 109 of the Complaint. University Defendants state that the allegations of paragraph 109 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 109 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

110. Defendants deny the allegations of paragraph 110 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the ADA, but deny she is entitled to any relief whatsoever.

## COUNT II

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

111. Paragraph 111 "repeats, re-alleges and incorporates paragraph 1 through 110, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

112. Defendants deny the allegations of paragraph 112 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

113. Defendant West denies the allegations of paragraph 113 of the Complaint. University Defendants state that the allegations of paragraph 113 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 113 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

114.   Defendant West denies the allegations of paragraph 114 of the Complaint. University Defendants state that the allegations of paragraph 114 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 114 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

115.   Defendants state that the allegations of paragraph 115 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny the allegations of paragraph 115 of the Complaint.

116.   Defendants deny the allegations of paragraph 116 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the FMLA, but deny she is entitled to any relief whatsoever.

## COUNT III

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1886 § 1981

117.   Paragraph 117 "repeats, re-alleges and incorporates paragraph 1 through 116, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

118.   Defendants deny the allegations of paragraph 118 of the Complaint.

119.   Defendants deny the allegations of paragraph 119 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under § 1981 of the Civil Rights Act of 1886, but deny she is entitled to any relief whatsoever.

## COUNT IV

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866,
## AS AMENDED AND CODIFIED AT 42 USC § 1983

120.   Paragraph 120 "repeats, re-alleges and incorporates paragraph 1 through 119, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

121.   University Defendants admit the allegations of paragraph 121 of the Complaint. Defendant West states that the allegations in paragraph 121 of the

Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 121 of the Complaint and, on that basis, denies the allegations of paragraph 121 of the Complaint.

122.   Defendants state that the allegations of paragraph 122 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny the allegations of paragraph 122 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

123.   Defendants deny the allegations of paragraph 123 of the Complaint.

124.   Defendants deny the allegations of paragraph 124 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

125.   Defendants deny the allegations of paragraph 125 of the Complaint. Defendants further state that allegations within this paragraph contain legal

conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under § 1983 of the Civil Rights Act of 1866, but deny she is entitled to any relief whatsoever.

## COUNT V

## VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

126.   Paragraph 126 "repeats, re-alleges and incorporates paragraph 1 through 125, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

127.   University Defendants admit the allegations of paragraph 127 of the Complaint. Defendant West states that the allegations in paragraph 127 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 127 of the Complaint and, on that basis, denies the allegations of paragraph 127 of the Complaint.

128.   Defendants deny the allegations of paragraph 128 of the Complaint. Defendants further state that allegations within this paragraph contain legal

conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

129. Defendants deny the allegations of paragraph 129 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

130. Defendants deny the allegations of paragraph 130 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under Title VI of the Civil Rights Act of 1964, but deny she is entitled to any relief whatsoever.

## COUNT VI

### VIOLATION OF TITLE VII – CIVIL RIGHTS ACT OF 1964 AS AMENDED 42 USC § 2000e, *et seq.* BASED ON SEX AND RACE

131. Paragraph 131 "repeats and re-alleges and incorporates paragraph 1 through 130, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

132. Defendants admit that between August 2018 and August 2022, Plaintiff was the only African American female fulltime tenured professor at University of

Michigan Law School. Defendants further admit that around 2012-2013, an African American female tenured professor retired. Defendants deny the remaining allegations of paragraph 132 of the Complaint.

133.   Defendants deny the allegations of paragraph 133 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

134.   Defendants deny the allegations of paragraph 134 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 based on sex and race, but deny she is entitled to any relief whatsoever.

## COUNT VII

## VIOLATION OF TITLE IX, 20 USC § 1681, *et. seq.*

135.   Paragraph 135 "repeats, re-alleges and incorporates paragraph 1 through 134, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

136.   University Defendants admit the allegations of paragraph 136 of the Complaint. Defendant West states that the allegations in paragraph 136 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 136 of the Complaint and, on that basis, denies the allegations of paragraph 136 of the Complaint.

137.   Defendants deny the allegations of paragraph 137 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

138.   Defendants deny the allegations of paragraph 138 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

139.   Defendants deny the allegations of paragraph 139 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under Title IX, but deny she is entitled to any relief whatsoever.

## COUNT VIII

## U.S. CONSTITUTION – FIRST AMENDMENT
## FREEDOM OF SPEECH

140.   Paragraph 140 "repeats, re-alleges and incorporates paragraph 1 through 139, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

141.   Defendants deny the allegations of paragraph 141 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

142.   Defendant West denies the allegations of paragraph 142 of the Complaint. University Defendants state that the allegations of paragraph 142 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 142 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

143.   Defendant West denies the allegations of paragraph 143 of the Complaint. University Defendants state that the allegations of paragraph 143 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 143 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

144.   Defendants deny the allegations of paragraph 144 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the First Amendment, but deny she is entitled to any relief whatsoever.

## COUNT IX

## U.S. CONSTITUTION – FIFTH AMENDMENT

145.   Paragraph 145 "repeats, re-alleges and incorporates paragraph 1 through 144, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

146.   Defendant West admits that he sent Plaintiff a letter on Mach 31, 2022, the content of which speaks for itself. Defendant West denies the remaining allegations of paragraph 146 of the Complaint. University Defendants state that the allegations of paragraph 146 of the Complaint are not directed at them and therefore no response is required. To the extent a response is required, University Defendants deny the allegations of paragraph 146 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

147.   Defendants deny the allegations of paragraph 147 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the Fifth Amendment, but deny she is entitled to any relief whatsoever.

**COUNT X**

**U.S. CONSTITUTION – FOURTEENTH AMENDMENT
EQUAL PROTECTION AND DUE PROCESS**

148.   Paragraph 148 "repeats, re-alleges and incorporates paragraph 1 through 147, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

149.   University Defendants admit the allegations of paragraph 149 of the Complaint. Defendant West states that the allegations in paragraph 149 of the Complaint are not directed at him and therefore no response is required. To the extent a response is required, Defendant West lacks sufficient knowledge or information on which to form a belief as to the truth of the allegations of paragraph 149 of the Complaint and, on that basis, denies the allegations of paragraph 149 of the Complaint.

150.   Defendants state that the allegations of paragraph 150 of the Complaint are so vague and ambiguous that Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny the allegations of paragraph 150 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

151.   Defendants deny the allegations of paragraph 151 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

152.   Defendants deny the allegations of paragraph 152 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

153.   Defendants deny the allegations of paragraph 153 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the Fourteenth Amendment, but deny she is entitled to any relief whatsoever.

### COUNT XI

### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PWDCRA) BASED ON PERCEIVED DISABILITY

154.   Paragraph 154 "repeats, re-alleges and incorporates paragraph 1 through 153, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

155.   Defendants deny the allegations of paragraph 155 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

156.   Defendants deny the allegations of paragraph 156 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the Michigan Persons With Disabilities Civil Rights Act (PWDCRA) based on perceived disability, but deny she is entitled to any relief whatsoever.

## COUNT XII

### VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT (ELCRA) BASED ON SEX, RACE AND FAMILIAL/MARITAL STATUS

157.   Paragraph 157 "repeats, re-alleges and incorporates paragraph 1 through 156, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

158.   Defendants admit that between August 2018 and August 2022, Plaintiff was the only African American female fulltime tenured professor at University of

Michigan Law School. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff is a single parent of one child and is not married, and on that basis, deny those allegations. Defendants deny the remaining allegations of paragraph 158 of the Complaint.

159.   Defendants deny the allegations of paragraph 159 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

160.   Defendants deny the allegations of paragraph 160 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under the Michigan Elliott-Larsen Civil Rights Act (ELCRA) based on sex, race and familial/marital status, but deny she is entitled to any relief whatsoever.

## COUNT XIII

### HOSTILE WORK ENVIRONMENT BASED ON
### SEX AND RACE UNDER ELCRA

161.   Paragraph 161 "repeats and re-alleges and incorporates paragraph 1 through 160, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

162.   Defendant University of Michigan Law School and Defendant West deny the allegations of paragraph 162 of the Complaint. Defendant University of Michigan states that the allegations of paragraph 162 of the Complaint are not directed at it and therefore no response is required. To the extent a response is required, Defendant University of Michigan denies the allegations of paragraph 162 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

163.   Defendants deny the allegations of paragraph 163 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief under ELCRA under a hostile work

environment theory based on sex and race, but deny she is entitled to any relief whatsoever.

## COUNT XIV

## RETALIATION UNDER ALL FEDERAL AND STATE
## STATUTORY AND CONSTITUTIONAL COUNTS ABOVE I-XIII

164. Paragraph 164 "repeats and re-alleges and incorporates paragraph 1 through 163, as set forth here and above by reference." In response, Defendants restate and incorporate their answers to the preceding paragraphs.

165. Defendants deny the allegations of paragraph 165 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

166. Defendants deny the allegations of paragraph 166 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

167. Defendants deny the allegations of paragraph 167 of the Complaint. Defendants further state that allegations within this paragraph contain legal conclusions not subject to admission or denial; to the extent a response is required to those legal conclusions, Defendants deny them.

In response to Plaintiff's unnumbered "WHEREFORE" paragraph, Defendants admit that Plaintiff seeks relief for retaliation under Counts I-XIII above, but deny she is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, Defendants assert the following affirmative defenses:

1.    Some or all of the Complaint fails to state a claim upon which relief can be granted.

2.    Some or all of the Complaint is barred by sovereign immunity.

3.    Some or all of the Complaint is barred by qualified immunity.

4.    Some or all of the Complaint is barred by governmental immunity.

5.    Some or all of the Complaint is barred by individual governmental immunity.

6.    Some or all of the Complaint is barred because Defendants are improper parties.

7.    Some or all of the Complaint is barred because Plaintiff has failed to serve the proper party, the Board of Regents.

8.    Some or all of the Complaint is barred because Plaintiff lacks a cause of action.

9.     Some or all of the Complaint is barred because Plaintiff lacks standing.

10.     Some or all of the Complaint is barred by unclean hands.

11.     Some or all of the Complaint is barred by waiver or equitable estoppel.

12.     Some or all of the Complaint is barred by laches.

13.     Some of all of the Complaint is barred by the applicable statutes of limitations and/or repose, and/or are otherwise untimely.

14.     Some or all of the Complaint is barred by failure to exhaust administrative remedies and/or satisfy jurisdictional requirements.

15.     Some or all of the Complaint is barred because Defendants did not deprive Plaintiff of any constitutionally protected interests.

16.     Some or all of the Complaint is barred because Defendants did not deprive Plaintiff of any constitutionally protected process.

17.     Some or all of the Complaint is barred because Plaintiff made no good faith complaint of discrimination and did not otherwise engage in protected activity.

18.     Assuming, *arguendo*, Plaintiff could demonstrate she engaged in protected activity, some or all of the Complaint is barred because such protected activities were not motivating factors in Defendants' employment-related decisions regarding Plaintiff. Further, even if Plaintiff could demonstrate that such protected activities or rights were motivating factors, some or all of the Complaint remains

barred because any employment actions taken by Defendants with respect to Plaintiff would have been taken regardless of such protected activities or rights.

19.　　Some or all of the Complaint is barred to the extent that any acts or omissions complained of by Plaintiff and attributed to Defendants were taken in good faith and in conformity with, and in reliance on, an administrative regulation, order, ruling, approval, or interpretation of applicable state and federal law, or upon external facts upon which they reasonably relied.

20.　　Some or all of the Complaint is barred because Plaintiff was not disabled and/or because Defendants reasonably accommodated her in all events, and even if Defendants have not reasonably accommodated Plaintiff's disability, Defendants were unable to accommodate Plaintiff's disability because of undue hardship or business necessity.

21.　　Some or all of the Complaint is barred to the extent Plaintiff is responsible for any breakdown in the interactive process that resulted in any alleged failure to provide a reasonable accommodation.

22.　　Some or all of the Complaint is barred because Defendants, at all times, complied with applicable laws, acted reasonably and in good faith, and exercised due care and diligence toward Plaintiff.

23.　　Some or all the Complaint is barred because Plaintiff cannot establish that Defendants acted maliciously or with reckless indifference to Plaintiff's rights.

24.     Some or all of the Complaint is barred because Plaintiff was not entitled to FMLA benefits and/or received all of the FMLA benefits to which Plaintiff was entitled.

25.     Some or all of the Complaint is barred because the condition prompting Plaintiff's need for leave did not qualify as a serious health condition under the FMLA.

26.     Some or all of the Complaint is barred because Defendants did not interfere with, or deny, Plaintiff's rights under the FMLA.

27.     Some or all of the Complaint is barred because Defendants, at all times, acted in good faith and had reasonable grounds for believing that their actions toward Plaintiff did not violate the FMLA.

28.     Some or all of the Complaint is barred because Defendants did not take any adverse employment actions against Plaintiff.

29.     Assuming *arguendo*, that Plaintiff could demonstrate an adverse employment action, some or all of the Complaint is barred because the employment actions taken with respect to Plaintiff were based on legitimate, non-discriminatory/non-retaliatory reasons.

30.     Assuming *arguendo*, that Plaintiff could demonstrate an adverse employment action, some or all of the Complaint is barred by the doctrine of after-

acquired evidence, to the extent Defendants learn of wrongdoing by Plaintiff that would have led to the same actions.

31. Some or all of the Complaint is barred because there is no causal connection, including between any purported protected activity and any purported adverse employment action.

32. Plaintiff is estopped from recovering by operation of her own conduct and/or has waived any right to recovery for that reason.

33. Defendants prohibit discrimination and retaliation and provide an effective and available procedure by which employees can bring complaints and such complaints are subject to prompt remedial action reasonably calculated to end any discrimination or retaliation.

34. To the extent any intentional acts occurred, those acts occurred wholly and entirely outside the scope or course of the actor's employment, were not authorized or sanctioned by Defendants, and Defendants, therefore, are not liable to Plaintiff for any such acts.

35. Some or all of the Complaint is barred because Plaintiff has suffered no damages, injuries, or losses.

36. Some or all of Complaint is barred by failure to mitigate damages.

37. Some or all of the remedies Plaintiff seeks are barred by constitutional and statutory limitations, including, but not limited to, 42 U.S.C. § 1981a.

38.     Some or all of the remedies Plaintiff seeks are barred by doctrines of offset and double recovery.

39.     Plaintiff's claims for equitable relief are barred by the failure to prove an inadequate remedy at law.

40.     Plaintiff is not entitled to any injunctive relief, punitive damages, attorneys fees, or any other form of relief.

41.     Defendants reserve the right to assert additional affirmative defenses as they become known.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief requested in the Complaint.  Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice and enter judgment for Defendants; deny Plaintiff's prayer for relief; grant Defendants attorneys' fees and costs; and grant such other and further relief as the Court deems just and proper.

Dated:        January 4, 2023

By: */s/ Jack M. Williams*

Matthew E. Papez
mpapez@jonesday.com
Krista Perry Heckmann
kperryheckmann@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
(202) 879-3939

Jack M. Williams, Bar No. 84795
jmwilliams@jonesday.com
Craig S. Friedman
csfriedman@jonesday.com
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA  30361
(404) 581-3939

Brian M. Schwartz (P69018)
schwartzb@millercanfield.com
MILLER CANFIELD
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226
(313) 496-7551

Amanda K. Rice (P80460)
arice@jonesday.com
Andrew J. Clopton (P80315)
aclopton@jonesday.com
JONES DAY
150 W. Jefferson Ave., Suite 2100
Detroit, MI 48226
(313) 733-3939

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I caused the foregoing document to be filed with the Clerk of the Court using CM/ECF, which will effectuate service upon all counsel of record.

/s/ Jack M. Williams
Jack M. Williams
jmwilliams@jonesday.com
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
(404) 581-3939

*Counsel for Defendants*