UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA BENY,

        Plaintiff,                              Case Number 22-12021

v.                                                   Honorable David M. Lawson

UNIVERSITY OF MICHIGAN, MARK M. WEST,
and UNIVERSITY OF MICHIGAN LAW SCHOOL,

        Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

Based in part on the stipulation of the parties and Rule 26 of the Federal Rules of Civil Procedure, the following is **ORDERED**.

1. All Discovery Material produced in discovery in the Litigation shall be used solely for purposes of the Litigation and for no other purpose.

2. If, in the course of discovery or other proceedings in this action, defendants or plaintiff or any party to the Litigation, or any third party discloses Discovery Material it deems private, confidential, or proprietary, the producing entity may designate such Discovery Material as "Confidential." Discovery Material designated as Confidential and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this Order.

3. Discovery Material may be designated Confidential by stamping each page of the document with the legend "Confidential." In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document, or may place the appropriate designation mark on the outside of the medium (whether disc, hard drive, etc.) containing the document.

4. Deposition testimony may be designated Confidential by so indicating orally on the record during the deposition, or by subsequent designation in writing. Deposition transcripts shall be temporarily deemed Confidential for a period of 7 days from the date all parties have received the transcript and exhibits. If a party seeks to designate all or part of the deposition transcript as Confidential, the designating party must give notice of the designation in writing. Following the expiration of the 7-day period from receipt of the transcript and exhibits, those portions of the transcript and exhibits that were not designated as Confidential during the 7-day period will no longer be deemed as such. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the legend "Confidential - Subject To Protective Order."

5. A non-producing party may also designate any Discovery Material not already designated "Confidential" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

6. Any person in possession of Confidential Material shall maintain it in a secure manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

7. Except as provided in paragraph 8 below, Confidential Material shall not be disclosed without prior written consent of the designating party.

8. Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) the Court (including any appellate court) and Court personnel;

    (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;

(c)  attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) who are directly involved in the Litigation and such attorneys' employees who are directly involved in the Litigation.

(d)  parties to the Litigation and officers, directors, regents, trustees, and employees of a party to the Litigation who are directly involved in assisting or supervising the attorneys, officers, or employees in connection with the Litigation.

(e)  the creator and addressees of such Confidential Material and persons who received a copy thereof independent of its production in the Litigation;

(f)  anticipated and actual fact witnesses other than the parties to the Litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

(g)  experts, advisors, consultants, and other persons engaged to assist directly in the Litigation.

9.  Prior to disclosure of Confidential Material to any person specified in paragraphs 8(d) or (g) above, counsel for the party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person. With respect to persons specified in paragraph 8(e) and (f) above, any testimony concerning Confidential Material may itself be deemed Confidential Material if properly designated.

10.  Nothing herein shall prevent any party from bringing an appropriate motion to have a "Confidential" designation lifted in whole or in part or to determine whether the use or disclosure of such document/information/testimony should be restricted other than in accordance with this protective order. Until the Court issues a ruling on the motion, all material designated as "Confidential" shall be treated as such.

11. Subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing. The parties may seek protective measures from this Court. Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material.

12. This Order shall have no effect upon a designating party's disclosure or use of its own Confidential Material.

13. The inadvertent failure to designate Discovery Material as Confidential may be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in paragraph 8 hereof and to prevent further use or disclosure of Confidential information contained therein by such persons.

14. The inadvertent production of any Discovery Material in this action shall not prejudice any claim that such Discovery Material is protected from discovery by the attorney-client privilege or attorney work-product privilege and no person shall be held to have waived any rights by such inadvertent production. Any Discovery Material inadvertently produced and subsequently made subject to a claim of privilege shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such Discovery Material shall not be used or introduced into evidence in this or any other proceeding by any person (including, but not limited to, in connection with any motion regarding whether the Discovery Material is protected by the attorney-client privilege or attorney work-product doctrine). The production of any Discovery Material in this Lawsuit, which, absent such production, would have been in whole or

in part privileged under the attorney-client privilege or the attorney work-product doctrine, will not waive the attorney-client privilege or the attorney work-product doctrine as to any material not produced, regardless of its subject matter.

15. If any person in possession of Confidential Material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response, and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of Confidential Material to refuse to comply with its legal obligations regarding such process or request. Nothing in this Order shall restrict or prevent any party from complying with its legal obligations under applicable law.

16. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation. However, nothing in this Order permits Plaintiff to independently obtain access to University of Michigan information to which she is not entitled to access by virtue of her employment.

17. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

18. In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court.

19. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the earliest of (a) the last date that the Order is signed by each parties' counsel or (b) the last date that each parties' counsel agrees via email to be bound by this Order.

20. The terms of this Order shall not terminate at the conclusion of the Litigation. Within 60 days from the final termination of this action, including any appeals, the parties and their counsel shall either (1) return all materials designated "Confidential," together with any and all copies, summaries and excerpts thereof, to counsel for the party producing such materials or (2) destroy all such materials and copies thereof and certify in writing to the counsel for the party producing such materials that they have been destroyed. In accordance with this paragraph, the parties and their counsel shall also return to counsel or destroy all extracts or summaries of Discovery Material designated "Confidential," except for those materials which in the reasonable, good faith judgment of counsel constitute attorney work product. Notwithstanding the foregoing, counsel for any party may maintain an archival copy of Discovery Material designated "Confidential."

21. Nothing in this Order waives either Party's ability to object to the production of any Discovery Material on the grounds that it contains particularly sensitive confidential, proprietary, or trade secret information whose disclosure could cause competitive or other serious injury to the producing party or a third-party and therefore should be designated as "Confidential-Attorneys' Eyes Only" and only made available to those individuals or entities described in paragraphs 8(a), (b), (c), and (g) or to a witness at deposition who agrees on the record to be bound

by this order and either authored the document or information in question or has a need to know or be shown the document or information in the course of providing testimony.

22. Prior to the time this Order is entered by the Court, Confidential Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court. This Order permits a party to designated as documents as protected by this Order even if they were produced prior to the entry of this Order.

23. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

24. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to

file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 23 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 23 and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

25. This Order is subject to modification at any time upon further stipulation of the parties or pursuant to an order of this Court.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 5, 2023