UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA BENY,

        Plaintiff,                                    Case Number 22-12021

v.                                                              Honorable David M. Lawson

UNIVERSITY OF MICHIGAN, MARK M. WEST,
and UNIVERSITY OF MICHIGAN LAW SCHOOL,

        Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 8, 2023, the Court filed an opinion and order granting in part the defendants' motion to dismiss. *See* ECF No. 64. On July 21, 2023, the plaintiff moved for reconsideration of this Court's order with respect to the dismissal of Counts 1 and 4.

Under Eastern District of Michigan Local Rule 7.1(h), reconsideration of non-final orders may be granted only on limited grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2) (effective Dec. 1, 2021). The plaintiff does not contend that there has been any intervening change in the law since the Court issued its prior ruling, and she has not identified any "new facts" that were discovered after the disposition of the motion to dismiss. She also has not identified any mistake in the previous ruling that would result in a different outcome.

- 2 -

The plaintiff asserts that the Court erred by granting the defendants' motion to dismiss with respect to Counts 1 and 4, but her reconsideration motion merely restates arguments that were or could have been made initially. It is well settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007), and the rule "does not afford parties an opportunity to reargue their case, " *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). The present motion merely rehashes arguments already considered and addressed fully by the Court, and the plaintiff has not identified any clear error of law in the ruling.

The plaintiff combined her motion for reconsideration with a request for leave to file a second amended complaint. The Court will construe that part of the plaintiff's motion as a supplement to the plaintiff's motion to file a second amended complaint (ECF No. 65), which is set for a hearing on September 28, 2023, to which the defendants may respond.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration of the opinion and order granting in part defendants' motion to dismiss (ECF No. 67) is **DENIED**.

                                                        s/David M. Lawson  
                                                        DAVID M. LAWSON  
                                                        United States District Judge

Dated:  July 28, 2023