# EXHIBIT 2

Professor Laura Beny v University of Michigan, et al
Case No. 2:22-cv-12021-DML-EAS

Plaintiff's Cross-Motion Requesting The Court Enter An Order
Permitting Plaintiff's Reliance On Expert Reports
Filed After July 7, 2023, But Before August 21, 2023

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PROFESSOR LAURA BENY,

        Plaintiff,

vs.

UNIVERSITY OF MICHIGAN,
UNIVERSITY OF MICHIGAN
LAW SCHOOL, and
DEAN MARK D. WEST,
(Individually and Professional
Capacity),

        Defendants.

Case No. 2:22-cv-12021-DML-EAS
Hon. David M. Lawson

**PLAINTIFF'S RESPONSE IN
OPPOSITION TO
DEFENDANTS' MOTION TO
PROHIBIT PLAINTIFF'S
RELIANCE ON EXPERTS**

Alice B. Jennings (P29064)
Carl R. Edwards (P24952)
**EDWARDS & JENNINGS, P.C.**
Attorneys for Plaintiff
ajennings@edwardjennings.com
cedwards@edwardsjennings.com

Andrew J. Clopton (P80315)
Amanda K. Rice (P80460)
**JONES DAY**
Attorneys for Defendants
aclopton@jonesday.com
arice@jonesday.com

Jack M. Williams
Craig S. Friedman
Patrick M. Corley
**JONES DAY**
Attorney for Defendants
jmwilliams@jonesday.com

Brian M. Schwartz (P69018)
**MILLER CANFIELD**
Attorney for Defendants
schwartz@millercanfield.com

Matthew E. Papez
Krista Perry Heckmann
**JONES DAY**
Attorney for Defendants
mpapez@jonesday.com

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO PROHIBIT PLAINTIFF'S RELIANCE ON EXPERTS

NOW COMES Plaintiff, PROFESSOR LAURA BENY, by and through her attorneys, Edwards & Jennings, P.C., by Carl R. Edwards and Alice B. Jennings, and for her Response in Opposition to Defendants' Motion, pursuant to Fed. R. Civ. P. 37(c) and 26(a)(2)(B), to Prohibit Plaintiff's Reliance on Experts, states as follows:

1.    This is a civil rights case, under the Civil Rights Act of 1964, Title VII and the Michigan Elliott-Larsen Civil Rights Act, involving Plaintiff Professor Laura Beny, an African American female, against Defendant University of Michigan Board of Regents and Dean Mark West. This case was filed on August 26, 2022. The trial date in this matter is June 11, 2024.

2.    On March 2, 2023, the Court entered a Scheduling Order. Plaintiff's Expert Disclosures were due on July 7, 2023; and Defendant's Expert Disclosures were due on August 4, 2023. (ECF No. 46.)

3.    On August 19 and 20, 2023, the Defendants were served with Plaintiff's expert reports for Richard Painter, JD; Barry Grant, CPA; and Noelle Clark, Ph.D. (**Ex. 1,** Emails serving reports from Plaintiff's attorney to Defendants' attorneys.)

4.    On July 7, 2023, the date Plaintiff's Expert Witness Disclosures were due, the Court had not yet decided, Defendants' "Motion to Dismiss [Plaintiff's] Amended Complaint," filed by Defendants on February 6, 2023. (ECF No. 37.)

5.     Further, Defendants were aware, based upon its Stipulation to Appoint a Mediator in this case, that the parties had engaged in multiple hearings with Facilitator Robert Riley, starting on April 25, 2023 and ending on May 31, 2023, in an attempt to resolve this matter, without the expense of costly expert reports and discovery depositions. (ECF Nos. 47, 49, 50, 53, 54, 55 and 56.)

6.     The Facilitation of this matter was extended after it started with the Court, on May 1, 2023, granting an Order extending the deadline for completion of "Facilitative Mediation" to May 31, 2023. (ECF Nos. 56 and 57.)

7.     While the Facilitation was ongoing, the Court did not rule on Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

8.     Both before and during the facilitative period, Plaintiff met all Scheduling Order guidelines set by the Court, including Plaintiff filing Initial Disclosures on March 29, 2023, in which both experts Richard Painter, JD and Barry Grant, CPA, were listed as experts. (**Ex. 2**, Plaintiff's Initial Disclosures.)

9.     The parties were unable to reach a facilitated settlement. On June 7, 2023, the Court's Clerk was advised that Facilitation was unsuccessful. (**Ex. 3**, Emails to Court Clerk, from both Plaintiff's counsel and Defendants' counsel, dated June 7, 2023.)

10.     Based upon three (3) stipulations by the parties on July 7, 2023, the date the Plaintiff's Expert Disclosures were filed with reports, that Plaintiff would be

3

filing a Motion to Amend Plaintiff's Complaint based upon a second Equal Employment Opportunity Charge, dated January 19, 2023, which Plaintiff had been given a Right to Sue Letter dated January 24, 2023, during the pendency of Defendant's Motion to Dismiss. Plaintiff, in good faith, based on an explicit request by Defendants that Plaintiff "wait" to file the Second Amended Compliant, until **after** the Court ruled on Defendants' Motion to Dismiss; the rationale for the stipulations were to avoid the confusion that was likely to arise between the First Amended Complaint and the proposed Second Amended Complaint. The Joint Stipulation required Plaintiff to file the Motion to File a Second Amended Complaint seven (7) days after the Court issued an Order in Defendants' February 2023 Moton to Dismiss. (**Ex. 4**, Stipulations and Court Orders, ECF Nos. 52, 54, first Stipulation and Order dated April 12 and April 24, 2023; and **Ex. 5**, ECF Nos. 58, 59, second Stipulation and Order dated May 10, and May 11, 2023; and **Ex. 6**, EFC Nos. 60 and 61, third Stipulation and Order dated June 16 and June 20, 2023.)

11.    Defendants cannot state that Plaintiff has a pattern of delay and/or missed dates in this case or that Plaintiff has been dilatory in processing this matter. Between May 31, 2023 and June 14, 2023, the Plaintiff engaged in extensive written discovery, sending to Defendants on June 14, 2023, Interrogatories and Request for Production of Documents and Request to Admit. (**Ex. 7**, Email to Defendants' counsel dated June 14, 2023 with Plaintiff's discovery.)

12.    On June 14, 2023, the Court held a "Post ADR Status Conference". The Court encouraged the parties to continue to discuss settlement and asked if there was anything the Court could "do to help." Both parties indicated it appeared that we were moving forward with the case.

13.    However, after the June 14, 2023 Post-ADR Status Conference, the parties met in the hall of the courthouse and concurred to continue settlement discussions.

14.    The parties met by video conference on June 26, 2023 "re: negotiations". Defendants agreed to enter a Stipulation to Stay Discovery once they received a "formal" settlement demand from Plaintiff. If the case could be resolved there would not be any requirement for Plaintiff, or Defendants, to spend thousands of dollars on experts and depositions. (**Ex. 8**, schedule of video conference "re: negotiations".)

15.    On July 3, 2023, Plaintiff Beny and her counsel, after weeks of investigation into various settlement scenarios, submitted an extensive settlement demand to Defendants. (**Ex. 9**, Redacted settlement demand.)

16.    On July 3, 2023, that evening Defendants' counsel for the first time, without any prior discussion with Plaintiff's counsel, indicated the rejection of the settlement demand in an email, and refused to discuss settlement any further.

Defendants indicated they would not stipulate to a tolling of dates while the parties even discussed settlement.

17.     After July 3, 2023, Plaintiff's counsel indicated to Plaintiff's experts that they would be required to complete a full report in compliance with Fed. R. Civ. P. 26(a)(2)(B), as resolution in the matter did not occur. Based upon the timeframe required to prepare the reports, August 21, 2023 was the earliest the three (3) reports could be completed.

18.     On July 6, 2023, the parties entered a Stipulated Protective Order in this case allowing for an exchange of discovery documents. (ECF Nos. 62 and 63.)

19.     On July 7, 2023, received by the parties on July 8, 2023, the Court issued an Order and Opinion dismissing all Counts in Plaintiff's First Amended Complaint, under Fed. R. Civ. P. 12(b)(6), except Plaintiff's Retaliation Counts, under Title VII (University of Michigan Board of Regents) and Elliott-Larsen Civil Rights Act (Dean Mark D. West).

20.     Though Plaintiff did not file reports, on July 7, 2023, Plaintiff identified three (3) expert witnesses with the following summaries of each of their respective testimony and each of their current Curriculum Vitae:

"1.     Richard Painter, J.D.

See Ex. 1 for Curriculum Vitae. Richard Painter is a Professor of Law at the University of Minnesota Law School and former White House ethics counsel (2005-2007). Painter specializes in legal ethics, legal education, government ethics, and corporate and

securities law. Painter is expected to testify about the ethical and professional norms of law school administration. He is also expected to testify regarding his knowledge of tenure protections and due processes required to severely discipline and/or terminate a tenured professor and to demonstrate that Dean West and the University of Michigan have violated these protections and processes as it relates to Plaintiff Beny. Painter will opine that the disparate discrimination, harassing and retaliatory conduct by Defendant Dean West and other agents, and/or employees at Defendant University of Michigan's Law School, has resulted in injury to Plaintiff.

   2. Dr. Noelle Clark, Ph.D.

   See Ex. 2 for Curriculum Vitae. Dr. Clark will perform a psychological evaluation. evaluate Plaintiff Beny and testify regarding her psychological condition and relationship of any such condition to her work environment, and discrimination and retaliation she experienced in the past and prognosis for the future.

   3. Barry Grant, CPA and Associate.

   See Ex. 3 for Curriculum Vitae. Barry Grant, CPA will testify regarding Plaintiff Laura Beny's past and future wage, benefits and other economic loss, in 2016 and March 31, 2022; until the end of her work life." (**Ex. 10**, Plaintiff's Expert Disclosures emailed to Defendants on July 7, 2023.)

21. Though Plaintiff filed her Expert Disclosures on July 7, 2023, almost a month prior to Defendants' Expert Disclosures due date of August 4, 2023, not until July 27, 2023 did Defendants protest a late filing of the actual expert reports. An email to Plaintiff's counsel indicated only "please let me know when you are available during the following timeframes next week to discuss expert witness discovery." (**Ex. 11**, Email dated July 27, 2023.)

22.    On August 1, 2023, the parties "met and conferred" pursuant to Local Court Rule 7.1. At that time, the Defendants advised that they would be filing a "Motion to Prohibit Plaintiff's Reliance on Experts." Plaintiff's counsel proposed a stipulation, based on the settlement discussions, outstanding motions, and need to produce discovery; to delay the filing of Plaintiff's reports, to August 21, 2023, with Defendants' expert reports to be filed three (3) weeks later. Defendants refused the Plaintiff's proposal, even though Defendants' Expert Disclosures were not yet filed.

23.    On August 4, Defendant filed its Expert Disclosures including reports for two (2) experts. For a third expert on "Ethics" the expert's testimony was summarized but not report was provided. (**Ex. 12**, Defendant's Expert Disclosures dated August 4, 2023.)

24.    On August 22, 2023, the parties met and conferred, pursuant to LCR 7.1, on whether or not Defendants would concur in Plaintiff's "Cross Motion Requesting the Court Enter An Order Permitting Plaintiff's Reliance on Expert Reports Filed After July 7, 2023, but before August 21, 2023". The Defendants rejected  Plaintiff's proposed Joint Stipulation to allow Plaintiff to file experts reports to be used, with Defendants' filing supplementation to its August 4, 2023 Expert Disclosures. Defendant rejected Plaintiff's proposed Stipulation even though its "expert" psychiatrist had not evaluated Plaintiff Beny and would necessarily have to file an amended report after evaluating her.

25.     Plaintiff Professor Beny, under *Howe v City of Akron,* 801 F.3d 718, 747 (6th Cir. 2015); and *Redmond v United States,* 194 F. Supp. 3d 606; 216 US Dist LEXIS 89205; 2016 WL 36679 54 can show the delay was "substantially justified and/or is harmless" whereas here, Plaintiff believed the parties had agreed to toll dates until settlement discussions took place. (**Ex. 13**, copy of *Redmond v United States* case)

26.     Concurrence of counsel was held in a meet and confer on both August 1, 2023 and August 22, 2023, on Plaintiff's Cross Motion to Allow An Order Permitting Plaintiff's Reliance on Expert Reports Filed After July 7, 2023, but before August 21, 2023.

WHEREFORE, Plaintiff requests this Court deny Defendants' Motion to Prohibit Plaintiff's Reliance on Experts, and grant Plaintiff's Cross Motion Requesting the Court Enter An Order Permitting Plaintiff's Reliance on Expert Reports Filed After July 7, 2023, but before August 21, 2023; further to order that Defendants may file supplemental/rebuttal reports to Plaintiff's expert reports filed

on August 14 and August 20, 2023.

Respectfully submitted,

EDWARDS & JENNINGS, P.C.

By:   /s/ Alice B. Jennings
          Alice B. Jennings (P29064)
          Carl R. Edwards (P24952)
          Attorneys for Plaintiff
          3031 West Grand Boulevard, Ste. 435
Dated:  August 30, 2023      Detroit, MI 48292
          (313) 961-5000
          ajennings@edwardsjennings.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PROFESSOR LAURA BENY,

              Plaintiff,

vs.

UNIVERSITY OF MICHIGAN
BOARD OF REGENTS, and
DEAN OF UNIVERSITY OF
MICHIGAN LAW SCHOOL
MARK D. WEST, (In His
Individual/Personal Capacity),

              Defendants.

Case No. 2:22-cv-12021-DML-EAS
Hon. David M. Lawson
Magistrate Judge Elizabeth A. Stafford

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN
## OPPOSITION TO DEFENDANTS' MOTION TO
## PROHIBIT PLAINTIFF'S RELIANCE ON EXPERTS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................   ii

STATEMENT OF ISSUES PRESENTED..............................   iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES.......   iv

STATEMENT OF FACTS................................................   1

LEGAL ANALYSIS/ARGUMENT......................................   7

   A. Where Plaintiff, Under Fed. R. Civ. P. 26(a) Required
      Plaintiff To Disclose Her Experts On July 7, 2023
      Pursuant To The Court's Scheduling Order, Fed. R.
      Civ. P. 37(c)(1) Does Not Mandate The Exclusion
      Of Plaintiff's Experts Where Fed. R. Civ. P. 37(c)(1)
      Allows The Expert Reports To Be Utilized If The Failure Was
      Substantially Justified Or Harmless.............................   7

     1. Facts Showing Plaintiff Not Filing Expert Reports
        Until August 19 and 20, 2023 Was Substantially
        Justified And Harmless..........................................   8

     2. Utilizing The Five (5) Prong Test Enunciated By The
        6th Circuit in *Howe v City of Akron,* 801 F.3d 718, 747
        (6th Cir. 2015) And As Applied In *Redmond v US,* 194
        F.3d Supp. 606; 2016 U.S. Dist. LEXIS 89205, WL
        3667954, Can Show Her Filing Of Expert Reports On
        August 19And 20, 2023 Substantially Justified And
        Harmless...........................................................   9

     3. Plaintiff's Cross-Motion Requesting The Court Enter
        An Order Permitting Plaintiff's Reliance On Expert
        Reports Filed After July 7, 2023, But Before August
        21, 2023...........................................................   17

CONCLUSION...........................................................   18

# TABLE OF AUTHORITIES

|  | **Page** |
|---|---|
| *Howe v City of Akron,* | 9, 10, 11, |
| 801 F.3d 718, 747 (6th Cir. 2015) ……………………………… | 12, 16, 17 |
| *Redmond v United States,* | 9, 11, 12, |
| 194 F.3d Supp. 606; 2016 U.S. Dist. LEXIS 89205, | 13, 14, |
| WL 3667954…………………………………………………… | 15, 16, 17 |
| *Roberts ex. rel. Johnson v Galen of Virginia,* |  |
| 325 F.3d 776 (6th Cir.)………………………………………... | 10 |
| *Russell v Absolute Collection Servs., Inc.,* |  |
| 763 F.3d 385, 396-97 (4th Cir. 2014………………………….. | 11 |
| *S. States Rack & Fixture, Inc. v. Sherin-Williams Co.,* |  |
| 318 F.3d 592, 597 (4th Cir. 2003)…………………………….. | 11 |
| *Vance ex. rel. Hammond v United States,* |  |
| 182 F. 3d 920 (Table) Case No. 98-54, 88, 1999 US App | |
| LEXIS 455435 at 5 (6th Cir. June 25, 1999.)………………… | 10 |

## II.   Statutes

| | |
|---|---|
| Title VII of the Civil Rights Act of 1964…………………………… | 1, 5 |
| Elliott-Larsen Civil Rights Act………………………………………. | 1, 5 |

## III.   Court Rules

| | |
|---|---|
| Fed. R. Civ. P. 26(a) …………………………………………… | 7 |
| Fed. R. Civ. P. 37(a)(2)(c)……………………………………… | 9 |
| Fed. R. Civ. P. 37(c)(1)…………………………………………. | 7, 10 |
| Fed. R. Civ. P. 702………………………………………………. | 7, 15 |

## STATEMENT OF ISSUES PRESENTED

1.    SHOULD THE COURT ENTER AN ORDER THAT ALLOWS PLAINTIFF
      BENY TO FILE EXPERT REPORTS AFTER THE JULY 7, 2023 EXPERT
      DISCLOSURE DATE WHERE DISCLOSURES WERE MADE ON JULY
      7, 2023 BUT EXPERTS REPORTS WERE NOT SUBMITTED TO
      DEFENDANTS UNTIL AUGUST 19 AND 20, 2023?

        Defendants answer:        No

        Plaintiff answers:        Yes

        This Court should answer:        Yes

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

## I.   Cases

*Howe v City of Akron,*
   801 F.3d 718, 747 (6th Cir. 2015)

*Redmond v United States,*
   194 F.3d Supp. 606; 2016 U.S. Dist. LEXIS 89205,
   WL 3667954..............................................................

*Roberts ex. rel. Johnson v Galen of Virginia,*
   325 F.3d 776 (6th Cir.)

*Russell v Absolute Collection Servs., Inc.,*
   763 F.3d 385, 396-97 (4th Cir. 2014)

*S. States Rack & Fixture, Inc. v. Sherin-Williams Co.,*
   318 F.3d 592, 597 (4th Cir. 2003)

*Vance ex. rel. Hammond v United States,*
   182 F. 3d 920 (Table) Case No. 98-54, 88, 1999 US App
   LEXIS 455435 at 5 (6th Cir. June 25, 1999)

## II.   Statutes

Title VII of the Civil Rights Act of 1964
Elliott-Larsen Civil Rights Act

## III.   Court Rules

Fed. R. Civ. P. 26(a)
Fed. R. Civ. P. 37(a)(2)(c)
Fed. R. Civ. P. 37(c)(1)
Fed. R. Civ. P. 702

## I.  STATEMENT OF FACTS

This is a civil rights case, under the Civil Rights Act of 1964, Title VII and the Michigan Elliott-Larsen Civil Rights Act, involving Plaintiff Professor Laura Beny, an African American female, against Defendant University of Michigan Board of Regents and Dean Mark West. This case was filed on August 26, 2022. The trial date in this matter is June 11, 2024.

On March 2, 2023, the Court entered a Scheduling Order. Plaintiff's Expert Disclosures were due on July 7, 2023; and Defendant's Expert Disclosures were due on August 4, 2023. (ECF No. 46.)

On August 19 and 20, 2023, the Defendants were served with Plaintiff's expert reports for Richard Painter, JD; Barry Grant, CPA; and Noelle Clark, Ph.D. (**Ex. 1,** Emails serving reports from Plaintiff's attorney to Defendants' attorneys.)

On July 7, 2023, the date Plaintiff's Expert Witness Disclosures were due, the Court had not yet decided, Defendants' "Motion to Dismiss [Plaintiff's] Amended Complaint," filed by Defendants on February 6, 2023. (ECF No. 37.)

Further, Defendants were aware, based upon its Stipulation to Appoint a Mediator in this case, that the parties had engaged in multiple hearings with Facilitator Robert Riley, starting on April 25, 2023 and ending on May 31, 2023, in an attempt to resolve this matter, without the expense of costly expert reports and discovery depositions. (ECF Nos. 47, 49, 50, 53, 54, 55 and 56.)

The Facilitation of this matter was extended after it started with the Court, on May 1, 2023, granting an Order extending the deadline for completion of "Facilitative Mediation" to May 31, 2023. (ECF Nos. 56 and 57.)

While the Facilitation was ongoing, the Court did not rule on Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

Both before and during the facilitative period, Plaintiff met all Scheduling Order guidelines set by the Court, including Plaintiff filing Initial Disclosures on March 29, 2023, in which both experts Richard Painter, JD and Barry Grant, CPA, were listed as experts. (**Ex. 2**, Plaintiff's Initial Disclosures.)

The parties were unable to reach a facilitated settlement. On June 7, 2023, the Court's Clerk was advised that Facilitation was unsuccessful. (**Ex. 3**, Emails to Court Clerk, from both Plaintiff's counsel and Defendants' counsel, dated June 7, 2023.)

Based upon three (3) stipulations by the parties on July 7, 2023, the date the Plaintiff's Expert Disclosures were filed with reports, that Plaintiff would be filing a Motion to Amend Plaintiff's Complaint based upon a second Equal Employment Opportunity Charge, dated January 19, 2023, which Plaintiff had been given a Right to Sue Letter dated January 24, 2023, during the pendency of Defendant's Motion to Dismiss. Plaintiff, in good faith, based on an explicit request by Defendants that Plaintiff "wait" to file the Second Amended Compliant, until **after** the Court ruled on Defendants' Motion to Dismiss; the rationale for the stipulations were to avoid

2

the confusion that was likely to arise between the First Amended Complaint and the proposed Second Amended Complaint. The Joint Stipulation required Plaintiff to file the Motion to File a Second Amended Complaint seven (7) days after the Court issued an Order in Defendants' February 2023 Moton to Dismiss. (**Ex. 4**, Stipulations and Court Orders, ECF Nos. 52, 54, first Stipulation and Order dated April 12 and April 24, 2023; and **Ex. 5**, ECF Nos. 58, 59, second Stipulation and Order dated May 10, and May 11, 2023; and **Ex. 6**, EFC Nos. 60 and 61, third Stipulation and Order dated June 16 and June 20, 2023.)

Defendants cannot state that Plaintiff has a pattern of delay and/or missed dates in this case or that Plaintiff has been dilatory in processing this matter. Between May 31, 2023 and June 14, 2023, the Plaintiff engaged in extensive written discovery, sending to Defendants on June 14, 2023, Interrogatories and Request for Production of Documents and Request to Admit. (**Ex. 7**, Email to Defendants' counsel dated June 14, 2023 with Plaintiff's discovery.)

On June 14, 2023, the Court held a "Post ADR Status Conference". The Court encouraged the parties to continue to discuss settlement and asked if there was anything the Court could "do to help." Both parties indicated it appeared that we were moving forward with the case.

However, after the June 14, 2023 Post-ADR Status Conference, the parties met in the hall of the courthouse and concurred to continue settlement discussions.

The parties met by video conference on June 26, 2023 "re: negotiations". Defendants agreed to enter a Stipulation to Stay Discovery once they received a "formal" settlement demand from Plaintiff. If the case could be resolved there would not be any requirement for Plaintiff, or Defendants, to spend thousands of dollars on experts and depositions. (**Ex. 8**, schedule of video conference "re: negotiations".)

On July 3, 2023, Plaintiff Beny and her counsel, after weeks of investigation into various settlement scenarios, submitted an extensive settlement demand to Defendants. (**Ex. 9**, Redacted settlement demand.)

On July 3, 2023, that evening Defendants' counsel for the first time, without any prior discussion with Plaintiff's counsel, indicated the rejection of the settlement demand in an email, and refused to discuss settlement any further. Defendants indicated they would not stipulate to a tolling of dates while the parties even discussed settlement.

After July 3, 2023, Plaintiff's counsel indicated to Plaintiff's experts that they would be required to complete a full report in compliance with Fed. R. Civ. P. 26(a)(2)(B), as resolution in the matter did not occur. Based upon the timeframe required to prepare the reports, August 21, 2023 was the earliest the three (3) reports could be completed.

On July 6, 2023, the parties entered a Stipulated Protective Order in this case allowing for an exchange of discovery documents. (ECF Nos. 62 and 63.)

4

On July 7, 2023, received by the parties on July 8, 2023, the Court issued an Order and Opinion dismissing all Counts in Plaintiff's First Amended Complaint, under Fed. R. Civ. P. 12(b)(6), except Plaintiff's Retaliation Counts, under Title VII (University of Michigan Board of Regents) and Elliott-Larsen Civil Rights Act (Dean Mark D. West).

Though Plaintiff did not file reports, on July 7, 2023, Plaintiff identified three (3) expert witnesses with the following summaries of each of their respective testimony and each of their current Curriculum Vitae:

"1.    Richard Painter, J.D.

See Ex. 1 for Curriculum Vitae. Richard Painter is a Professor of Law at the University of Minnesota Law School and former White House ethics counsel (2005-2007). Painter specializes in legal ethics, legal education, government ethics, and corporate and securities law. Painter is expected to testify about the ethical and professional norms of law school administration. He is also expected to testify regarding his knowledge of tenure protections and due processes required to severely discipline and/or terminate a tenured professor and to demonstrate that Dean West and the University of Michigan have violated these protections and processes as it relates to Plaintiff Beny. Painter will opine that the disparate discrimination, harassing and retaliatory conduct by Defendant Dean West and other agents, and/or employees at Defendant University of Michigan's Law School, has resulted in injury to Plaintiff.

2.    Dr. Noelle Clark, Ph.D.

See Ex. 2 for Curriculum Vitae. Dr. Clark will perform a psychological evaluation. evaluate Plaintiff Beny and testify regarding her psychological condition and relationship of any such condition to her work environment, and discrimination and retaliation she experienced in the past and prognosis for the future.

5

    3.     Barry Grant, CPA and Associate.

        See Ex. 3 for Curriculum Vitae. Barry Grant, CPA will testify regarding Plaintiff Laura Beny's past and future wage, benefits and other economic loss, in 2016 and March 31, 2022; until the end of her work life." (**Ex. 10,** Plaintiff's Expert Disclosures emailed to Defendants on July 7, 2023.)

Though Plaintiff filed her Expert Disclosures on July 7, 2023, almost a month prior to Defendants' Expert Disclosures due date of August 4, 2023, not until July 27, 2023 did Defendants protest a late filing of the actual expert reports. An email to Plaintiff's counsel indicated only "please let me know when you are available during the following timeframes next week to discuss expert witness discovery." (**Ex. 11,** Email dated July 27, 2023.)

On August 1, 2023, the parties "met and conferred" pursuant to Local Court Rule 7.1. At that time, the Defendants advised that they would be filing a "Motion to Prohibit Plaintiff's Reliance on Experts." Plaintiff's counsel proposed a stipulation, based on the settlement discussions, outstanding motions, and need to produce discovery; to delay the filing of Plaintiff's reports, to August 21, 2023, with Defendants' expert reports to be filed three (3) weeks later. Defendants refused the Plaintiff's proposal, even though Defendants' Expert Disclosures were not yet filed.

On August 4, Defendant filed its Expert Disclosures including reports for two (2) experts. For a third expert on "Ethics" the expert's testimony was summarized

but not report was provided. (**Ex. 12**, Defendant's Expert Disclosures dated August 4, 2023.)

On August 22, 2023, the parties met and conferred, pursuant to LCR 7.1, on whether or not Defendants would concur in Plaintiff's "Cross Motion Requesting the Court Enter An Order Permitting Plaintiff's Reliance on Expert Reports Filed After July 7, 2023, but before August 21, 2023". The Defendants rejected Plaintiff's proposed Joint Stipulation to allow Plaintiff to file experts reports to be used, with Defendants' filing supplementation to its August 4, 2023 Expert Disclosures. Defendant rejected Plaintiff's proposed Stipulation even though its "expert" psychiatrist had not evaluated Plaintiff Beny and would necessarily have to file an amended report after evaluating her.

## II.   LEGAL ANALYSIS/ARGUMENT

### A.   Where Plaintiff, Under Fed. R. Civ. P. 26(a) Required Plaintiff To Disclose Her Experts On July 7, 2023 Pursuant To The Court's Scheduling Order, Fed. R. Civ. P. 37(c)(1) Does Not Mandate The Exclusion Of Plaintiff's Experts Where Fed. R. Civ. P. 37(c)(1) Allows The Expert Reports To Be Utilized If The Failure Was Substantially Justified Or Harmless

Defendants argue that Plaintiff Beny's expert reports were required to be filed on July 7, 2023, pursuant to Fed. R. Civ. P. 26(a) and the expert reports for Barry Grant, CPA, Plaintiff's economic expert; Noelle K. Clark, Ph.D., Plaintiff's psychological expert; and Richard Painter, JD; Plaintiff's ethics expert; and because the reports were not filed on July 7, 2023 the reports should be stricken.

While Defendants represented to the Court that its Experts Disclosures were filed on August 4, 2023, Defendants did not file a report for C.K. Gunsalus, but filed a summary of testimony. Only if the Court allowed Plaintiff's experts, a report would be filed by C.K. Gunsalus and she would testify as a rebuttal expert to Richard Painter, JD. (**Ex. 11**, Defendants' Expert Disclosures without reports.)

### 1.    Facts Showing Plaintiff Not Filing Expert Reports Until August 19 and 20, 2023 Was Substantially Justified And Harmless.

Plaintiff Beny filed Expert Disclosures on July 7, 2023 without expert reports. At the time, 1) the trial date was June 11, 2024; 2) Plaintiff's deposition had not been scheduled by Defendants, and is not scheduled until September 29, 2023; 3) Defendants had not filed its Experts Disclosures due on August 4, 2023 and rejected Plaintiff's proposal of a Stipulation allowing for a delayed filing with an ability to allow Defendants to have Defendants' experts first review the Plaintiff's experts' reports prior to submitting Defendants; 4) the Court had not yet ruled on Defendants' Motion to Dismiss or Moton to Stay Discovery; 5) Plaintiff's depositions of Defendant Mark West, or its Law School administrators, had not been taken; 6) The parties had stipulated to Plaintiff's tolling on a Motion to File a Second Amended Complaint seven (7) days after the Court ruled on Defendants' Motion to Dismiss; and 7) The parties had only entered a Joint Protective Order on July 6, 2023 to allow the parties to exchange documents; and 8) The Defendants' documents, pursuant to

Plaintiff's Request for Production of Documents, were not produced until July 31,

2023.

      **2.**      **Utilizing The Five (5) Prong Test Enunciated By The 6th Circuit in *Howe v City of Akron,* 801 F.3d 718, 747 (6th Cir. 2015) And As Applied In *Redmond v US,* 194 F.3d Supp. 606; 2016 U.S. Dist. LEXIS 89205, WL 3667954, Can Show Her Filing Of Expert Reports On August 19 And 20, 2023 Substantially Justified And Harmless**

Fed. R. Civ. P. 37(a)(2)(c):

(c)    Failure To Disclose Supplement An Earlier Response, Or To Admit.

(1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:**

(A)    may order payment of the reasonable expenses, including attorney's fees, caused by the failure.

(B)    may inform the jury of the party's failure; and

(C)    may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Plaintiff Beny's facts when analyzed under *Howe* is instructive.

Here, Plaintiff Beny believed the parties would be continuing "good faith"

settlement negotiations and that a Joint Stipulation would be signed by the parties to

continue settlement discussions prior to the expenditures of thousands of dollars in

expense. Before Defendants filed their Expert Disclosures Plaintiff Beny proposed

a stipulation to adjourn Defendants' Expert Disclosures to a date until three (3)

weeks after Plaintiff filed her reports on August 21, 2023.

In *Howe v City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) the Court held:

> "[a]lthough exclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (3), Rule 37(c)(1) provides the district court with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard.'" *Howe v City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (quoting Rule 37(c)(1); *see also Roberts*, 325 F.3d at 783-84 ("Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.)

*Howe*, citing the Advisory Committee Notes, to the 1993 Amendments on

Fed. R. Civ. P. 37(c)(1) states:

> "...harmless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe*, 801 F.3d at 747, citing *Vance ex. rel. Hammond v United States*, 182 F. 3d 920 (Table) Case No. 98-54, 88, 1999 US App LEXIS 455435 at 5 (6th Cir. June 25, 1999.)

The Court in *Howe*, supra. adopted the Fourth Circuit's framework for

analyzing the issue:

> "In order to assess whether a party's omitted or late disclosure is "substantially justified" or "harmless" the Fourth Circuit considers five factors, which we now also adopt:
>
> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Russell v Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014) (quoting *S. States Rack & Fixture, Inc. v. Sherin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)." (at 747.)

In analyzing the five (5) factors in *Howe,* the Court concluded that "the Plaintiff's late disclosure was "harmless" and thus the district court's decision to exclude Carr's (expert's) testimony and Ex. 208 (report) was an overreaction and an abuse of discretion". (at p. 750.)

In *Redmond v United States*, 194 Supp. 3d 606 (E.D. Mich. 2016), the Court in response to the Defendant's Motion to Prohibit Plaintiff's Proposed Expert Witness From Testifying and For Summary Judgment, in a medical malpractice case, utilized the five (5) *Howe* factors in arriving at its Opinion and Order. In *Redmond* the expert disclosures were due under the court's scheduling order on December 1, 2015, the Plaintiff's causation expert's report was not received by Defendant until February 23, 2016, approximately two (2) months and three (3) weeks after the expert disclosures were due. The Court denied Defendant's Motion after evaluating the five (5) factors enunciated in the *Howe* case discussed above, holding that the reports not be excluded, though other sanctions were available to the Defendant. (See **Ex. 12,** copy of *Redmond* case.)

> "Weighing the factors in this case results in a conclusion that preclusion ought not occur, although remedial measures at the plaintiff's expense are called for." (*Ibid.*, p. 613).

In *Redmond,* like *Howe,* the court's analysis is instructive for Professor

Beny's lawsuit. In evaluating each *Howe* factor in the *Redmond* case and

juxtaposing the facts in this instant Beny matter:

**Analysis Plaintiff Redmond:**

> "**First** the surprise in this case was troublesome, but not extreme,
> considering the information that the government received before the
> date scheduled for Dr. Bacon's deposition. The government timely filed
> its motion for summary judgment arguing that the malpractice claim
> should be dismissed for lack of admissible expert testimony to sustain
> the causation element. It contemporaneously filed a motion to exclude
> Dr. Bacon's testimony premised solely on the plaintiff's failure up to
> that point to make an adequate expert disclosure. Eleven days after
> those motions were filed, the plaintiff delivered signed expert reports
> for Dr. Bacon and Michael Thompson. Although the time from
> disclosure to examination was short, it afforded the government an
> opportunity, pressed though it was, to examine Dr. Bacon on the
> content of this report at the deposition. Moreover, it appears from the
> extensive critique of Dr. Bacon's opinions set forth in the government's
> second expert motion that its counsel made good use of the time that
> was allowed, and mounted a searching inquiry on the record.
> Nonetheless, counsel for the government suggests that he did not have
> sufficient time before the deposition to conduct medical research or
> consult with his own expert on matters that apparently were revealed in
> Dr. Bacon's formal report for the first time. To fill that gap, the Court
> will permit a second deposition of Dr. Bacon at the plaintiff's expense.
> (at 613.)

**Plaintiff Beny:**

In this instant case, Defendants cannot say the factor of "surprise" exists

where Plaintiff's July 7, 2023 Expert Disclosures named each of Plaintiff's experts,

outlining and summarizing each expert's testimony. Moreover, Defendants did not

have scheduled, like the Plaintiff in *Redmond,* any discovery depositions of any of

the Plaintiff's July 7, 2023 Plaintiff's Expert Disclosures, where their identities and

Curriculum Vitaes were submitted. (See **Ex. 10**, Plaintiff's Expert Disclosures.

### *Analysis Plaintiff Redmond:*

> "**Second**, the parties had, and still have, substantial time and
> opportunity to cure any 'surprise' caused by the late disclosures. The
> Court already has granted the government's request to file a second
> motion challenging Dr. Bacon's testimony, and the government took
> advantage of that allowance to mount a substantive attack on his
> qualifications and the reliability of his methods. Moreover, although the
> government has raised additional reasons for excluding Dr. Bacon's
> testimony, it has not made any request to amend its motion for summary
> judgment; the basic premise of that motion (in part) remains its
> argument that the malpractice claim cannot be sustained for want of any
> admissible expert testimony on causation. The government seems to
> have made good use of the time afforded by the Court to remedy any
> surprise resulting from the late disclosure, and to develop an extensive
> substantive attack on Dr. Bacon's opinions. It contends that it had
> limited time to prepare for Dr. Bacon's deposition, but that legitimate
> complaint is addressed above, and the Court has provided a remedy."
> (at 613.)

### *Plaintiff Beny:*

**Second**, here, the Court has set a trial date of June 11, 2024. Discovery ends

on September 29, 2023, unless the Court grants Plaintiff's Motion to Adjourn the

Scheduling Order date sixty (60) days. Defendants have time to "cure the "surprise"

assuming they are claiming surprise. Here, where no request to take the Plaintiff's

experts' depositions have been made. There is time to do so. Curiously, Defendants

did not schedule Plaintiff's "Independent Medical Evaluation" with its expert,

Richard Jackson, psychiatrist until after it had filed an expert report, written by him,

on August 4, 2023, making its attempt to file any supplemental report, post-August

4, 2023, after the evaluation, also excludable.

***Analysis Plaintiff Redmond:***

> **Third,** no disruption to the trial resulted, or will result, in this case from
> the late disclosure. If the government feels that additional steps must be
> taken to remedy any lingering uncertainty it may have in addressing Dr.
> Bacon's testimony at trial, ample time remains to take them without
> affecting the scheduled trial date. (at p. 613.)

***Plaintiff Beny:***

**Third,** like *Redmond*, no disruption to the trial has occurred, or will occur,

where the trial date is not scheduled until June 11, 2024, eleven (11) months after

Plaintiff's Initial Disclosures of July 7, 2023, and ten (10) months after Plaintiff's

reports were submitted to Defendants on August 19 and 20, 2023; almost a year after

Defendants knew the Plaintiff's expert reports were not filed on July 7, 2023.

Instead, Defendant did not raise the issue of the Plaintiff's request until three (3)

weeks later and then refused to engage in a "good faith" joint stipulation, which

would have avoided any alleged prejudice now being claimed by Defendants.

***Analysis Plaintiff Redmond:***

> **"Fourth,** because causation is an essential element of the malpractice
> claim, the evidence is of critical importance to the resolution of this
> case, and omitting otherwise admissible expert testimony on this
> subject that would be helpful to the factfinder would seriously
> compromise the balance of the trial presentations. (at p. 614.)"

**Plaintiff Beny:**

**Fourth,** under Fed. R. Civ. P. 702.

**Expert Richard Painter:** Dr. Painter's testimony is relevant on the ethical issues presented by Dean Mark West and his direct reports, disciplining Plaintiff Beny who had serially each time, just weeks and days before, filed discrimination and retaliatory internal complaints and later an Equal Employment Opportunity Charge (EEOC) against West, and his administration. Further Dr. Painter will provide testimony of other ethical violations by West and his direct reports. Dr. Painter's report submitted to Defendants on August 19, 2023 is explicit as to Defendants' ethical violations which resulted in a non-objective Dean West creating harsh putative discipline, singling Plaintiff out for the same, or similar, conduct by her peers, and his testimony under Fed. R. Civ. P. will be helpful to the jury. (See **Ex. 10,** Plaintiff's Expert Disclosures.)

**Barry Grant, CPA:** Barry Grant, CPA in his report submitted to Defendants on August 19, 2023 calculates the economic loss Plaintiff has incurred since March 31, 2022 to present, and continuing, based upon her discipline which makes her not eligible for salary raises for five (5) years, or a return to parity with her cohort John Pottow. Further, Barry Grant's economic calculations include the effect on Plaintiff's benefits and retirement have also been calculated and will be helpful to the factfinder, similar to the Plaintiff *Redmond*.

15

### *Analysis Plaintiff Redmond:*

"**Fifth,** the plaintiff has offered nothing to explain why she could not make timely disclosures in this case. However, although this factor does not weigh in the plaintiff's favor, it also does not weigh against her, since nothing in the record indicates that she withheld her experts' reports with any intent to obstruct the government's defense of the case. (at p. 614.)"

### *Plaintiff Beny:*

Further, unlike the Plaintiff *Redmond*, Plaintiff Beny has offered an explanation in this case for why the Plaintiff's expert reports were not filed with the July 7, 2023, "Plaintiff's Expert Disclosures". Simply put, Plaintiff believed the parties were going to continue "good faith" settlement discussions between the parties and was told abruptly by Defendants that they would not, after Plaintiff Beny and her counsel had spent time evaluating the settlement issues in the case and prepared an extensive settlement letter. (See **Ex. 8**, with expungements.) Further, additional explanation for why the Plaintiff's experts reports were not filed includes a) the Plaintiff summarized the testimony for each putative Plaintiff expert; b) Defendants' Motion to Dismiss and to Stay Discovery was still pending; c) Defendants had not submitted any documents to Plaintiff, or scheduled Plaintiff's deposition; d) the parties had stipulated to toll the time for Plaintiff to file a Second Amended Complaint based on Defendants' request. There is, like *Redmond*, no evidence that Plaintiff withheld her expert reports. This *Howe* factor should weigh in Plaintiff's favor.

The court's holding in *Redmond*, in crafting a remedy to the facts of Plaintiff

*Redmond's* case, took in all of the five (5) relevant factors under *Howe* holding:

> Under the circumstances that exist on this record, and considering all of the relevant facts, the late disclosure of the plaintiff's causation and economic damages experts was harmless. Their testimony will not be excluded on that basis. But the plaintiff must make Dr. Bacon available to the defendant for a second deposition at a time and place that is mutually agreeable to the parties. The Plaintiff must bear the expenses of that deposition, including the professional fees of Dr. Bacon and the travel expenses of government counsel. The plaintiff may not schedule the *de bene esse* deposition of Dr. Bacon at the same time, but must allow a sufficient time before the *de bene esse* deposition (if the plaintiff chooses to proceed in that fashion) to allow defense counsel to digest the information obtained in the second discovery deposition.

Here, Plaintiff Beny asks this Court, utilizing the rationale in *Howe* and

*Redmond*, to enter an Order denying Defendants' Motion; and to allow Plaintiff's

experts to testify in the June 11, 2024 trial.

To date, Defendants have not raised a "Daubert Challenge" to Plaintiff's

experts' reports.

**3.    Plaintiff's Cross-Motion Requesting The Court Enter An Order Permitting Plaintiff's Reliance On Expert Reports Filed After July 7, 2023, But Before August 21, 2023.**

Plaintiff files a companion motion, "Plaintiff's Cross-Motion Requesting the

Court Enter An Order Permitting Plaintiff's Reliance on Expert Reports Filed After

July 7, 2023 But Before August 21, 2023". Plaintiff's Cross-Motion relies upon the

17

Statement of Facts and Legal Analysis/Argument made in this instant Response and Brief.

## III.    CONCLUSION

Plaintiff Beny requests this Court deny Defendants' Motion to Prohibit Plaintiff's Reliance on Experts. Further, for the same reasons stated in this Plaintiff's Response In Opposition to Defendants' Motion to Prohibit Plaintiff's Reliance On Experts, Plaintiff Beny asks that her Cross-Motion Requesting the Court Enter an Order Permitting Plaintiff's Reliance on Expert Reports Filed After July 7, 2023, But Before August 21, 2023, be granted.

Respectfully submitted,
EDWARDS & JENNINGS, P.C.

By: _/s/ Alice B. Jennings_
    Alice B. Jennings (P29064)
    Carl R. Edwards (P24952)
    Attorneys for Plaintiff
    3031 West Grand Boulevard, Ste. 435
    Detroit, MI 48292
    (313) 961-5000
Dated:  August 30, 2023    ajennings@edwardsjennings.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, I caused the foregoing document to

be filed with the Clerk of the Court, via the Court's electronic filing system,

CM/ECF, which constitutes as service upon all counsel of record.

/s/ Alice B. Jennings
Alice B. Jennings (P29064)
Carl R. Edwards (P24952)
Attorneys for Plaintiff
3031 West Grand Boulevard, Ste. 435
Detroit, MI 48292
(313) 961-5000
ajennings@edwardsjennings.com

19